## CONYERS *v.* FORD, receiver.

1. An attorney at law employed to file an equitable petition for the appointment of a receiver, and who since the appointment was made retired from the case and had no further connection therewith, was not disqualified as a judge from presiding in a case subsequently brought by the receiver against a third person.
2. When it is sought to establish a course of dealings between two persons, with a view to showing that one of them was in the habit of sending his servant to the other for the purpose of purchasing goods, for which payment was uniformly made, evidence tending to show a similar course of dealings between the alleged principal and other persons is not admissible.
3. An overcharge, or an unauthorized charge, by a magistrate, of costs alleged to have accrued in a trial before a jury in his court, can not be made the subject-matter of review by a petition for certiorari complaining of errors made at such trial. The question of paying the costs for the purpose of obtaining the writ of certiorari does not necessarily or properly arise until after the petition has been sanctioned by the judge.

Argued July 24, — Decided August 8, 1900.

Certiorari. Before Judge J. W. Harris. Bartow superior court. July term, 1899.

*B. J. Conyers* and *J. B. Conyers*, for plaintiff in error.
*Joe M. Moon*, contra.

Cobb, J. · Ford as receiver of the estate of Satterfield brought suit against Conyers in a justice's court, upon an account for goods sold and delivered by the receiver after he had taken charge of the mercantile business which was carried on by the deceased in his lifetime. The trial resulted in a verdict in favor of the plaintiff, and the defendant carried the case to the superior court by certiorari, complaining that certain errors were committed at the trial. The judge overruled the certiorari, and this is the error assigned.

1. When the case was called in the superior court the judge of that court announced that he was disqualified from presiding, and called upon the judge of the city court of Cartersville to hear and determine the questions made in the certiorari. Objection was made that the judge of the city court was disqualified by reason of the fact that he as attorney at law had been employed to file the petition in the case in which the, plaintiff had been appointed receiver. It appeared, however, that after the appointment of the receiver the judge had retired from the case and had no further connection therewith, and was not interested in any way in the litigation. Upon this state of facts he held that he was not disqualified to preside, and we do not think there was any error in this ruling.

2. It was admitted at the trial that the goods were not sold and delivered to the defendant in person; but that the same were delivered to a servant in his employment. The defendant denied the authority of this servant to purchase the goods on his credit; and it was sought to charge him with her purchases, for the reason that goods bought by her from the receiver in the past had been paid for by him. The case was stubbornly contested on this point. The defendant, as has been said, not only denied that the servant had any authority to buy the goods in his behalf, but also denied that any goods bought by her in the past had ever been paid for by him. The court admitted evidence that the defendant had paid for goods bought by this servant in his behalf from Satterfield, as well as for goods bought from another merchant. We think this was error. What the defendant may have authorized his servant to do with reference to purchasing goods from Satterfield and from persons other than the plaintiff was a matter not at

all material to the present investigation, and the admission of
such evidence was calculated to prejudice the defense set up.
The defendant would have a perfect right to authorize his serv-
ant to purchase goods from Satterfield and from another mer-
chant in the city, and the fact that the servant was so author-
ized could not throw any light on the question as to whether
she had authority to purchase from a person other than these
two.

3. Complaint was made in the petition for certiorari that
the magistrate before whom the case was tried had compelled
the plaintiff in certiorari to pay more than should have been
demanded as legal costs in the case. Such a complaint as this
has no place in a petition for certiorari. It is not necessary
to attach to the petition a certificate of the magistrate that the
costs have been paid. *Fuller* v. *Arnold, 64 Ga. 599.* A cer-
tificate showing that the costs have been paid must be filed
with the clerk within the time required by law, before the writ
of certiorari could be issued. Any complaint in regard to an
overcharge or an unauthorized charge of costs by the magis-
trate when the application is made for a certificate that the
costs have been paid can not be made the basis of an assign-
ment of error in the petition for certiorari.

The petition for certiorari contained other assignments of
error than those above mentioned, but the foregoing discus-
sion embraces all the assignments of error which relate to mat-
ters which will probably arise at another trial or which are
of sufficient importance to require particular notice.

*Judgment reversed. All the Justices concurring.*