27689. KEENE *v.* LUMBERMEN'S MUTUAL INSURANCE COMPANY.

DECIDED OCTOBER 27, 1939.

*D. K. Johnston, A. C. Corbett,* for plaintiff in error.

*Jones, Powers & Williams, Pollard Turman, Hugh M. Dorsey Jr.,* contra.

PER CURIAM. 1. The court is of the opinion that the provision, "I also subrogate to the said company all my claims or rights against any third person or persons, to the amount of the loss and expenses paid," should be construed to be a transfer of the legal title to the claims or rights therein described. Such a right of action is assignable, involving a right of property. Code, § 85-1805. There was no error in overruling the general demurrer to the petition.

2. It was not error to admit in evidence the subrogation agreement without requiring the policy of insurance under which it recites it was made, for the reason that the owner had a right to assign his right of action to the insurance company, in the absence of an insurance policy or other subrogation agreement. It was not error to overrule the demurrer, the ground of which was that the insurance policy was not attached to the petition.

3. It was not error to refuse to admit testimony as to what was the customary number of attendants employed to attend parking lots in Atlanta, of the size of the one here involved, in the absence of proof of a universal custom among parking-lot operators in Atlanta as to the number of attendants, and proof of the similarity of conditions respecting the lots.

4. A witness for the plaintiff testified that he had had fifteen years experience in the adjustment of automobile losses and appraisal of cars. He was then asked the question: "Then I will ask you, what the reasonable market value of an automobile in this condition would be if it was a 1937 Standard Ford Tudor sedan and had been driven approximately 18,000 to 20,000 miles and had been used twelve to thirteen months?" The witness answered that

such a car would be worth 25 to 30 per cent. less than its original cost of $773, but that he had never seen the car in question, and that "the appraisal was made on information received from Mr. Johnson immediately after the car was stolen." It was not error to admit this testimony. It was not an effort of the witness to value the stolen car from his knowledge of it, but merely his opinion as to the market value of such property as has a market value. Code, §§ 38-1709, 38-1710; *Gulf Refining Co.* v. *Smith*, 164 *Ga.* 811 (139 S. E. 716).

5. It was not error for the court to question the defendant as to the ownership of the lot. Up to the time of the court's examination of the witness the evidence was not clear as to whether the defendant himself operated the parking lot or whether he and his son-in-law operated it jointly. The court's questions clarified the confusion and made it clear that the defendant operated the lot himself, and that he rented it for such purpose from his son-in-law. The record does not disclose that the court's examination tended to impress the jury with the court's opinion as to what had or had not been proved, or that the defendant was evasive in his testimony.

6. The refusal to give to the jury the following requested charge was not error: "The plaintiff must recover only upon proof of the acts of negligence set out in its petition. Therefore, if you should find that there was a bailment and that the plaintiff has shown loss by reason of the bailment, you should then see if the defendant was negligent in any of the particulars charged or set out in the plaintiff's petition; and if you should find that there was a bailment, but that the defendant was not negligent in the particulars or manner charged or set out in the plaintiff's petition, although he may have been negligent in some other manner, you would not be authorized to find for the plaintiff." The allegations of negligence were as follows: "That the defendant negligently and wrongfully breached the contract of bailment existing between the defendant and Edward L. Johnson, by his failure to provide a sufficient number of employees on the premises of said parking lot in order to properly safeguard and protect the automobile against loss and theft; and defendant was further negligent and careless in failing to enclose said parking lot by a fence or railing to prevent said automobile from being stolen from said

parking lot; defendant was further negligent in failing to protect said automobile and prevent its being wrongfully taken from said parking lot." In the absence of a demurrer, the last allegation as to negligence is general enough to cover any negligence which might have resulted in the theft. *Parker Motor Co.* v. *Spiegal*, 33 *Ga. App.* 795 (3) (127 S. E. 797).

7. The evidence authorized the finding that a bailment existed, and that there was not merely a contract of the rental of space. The evidence showed that it was customary for customers to come into the parking lot, and either park their own cars or have it done for them; that on the occasions when cars were double parked it was necessary to leave the keys in the cars, so that the employees of the lot could move them about to allow other cars to leave; that a customer could either get his own car or have an employee get it out of the lot for him; that a customer was allowed to use his car and replace it in the lot without the payment of an extra fee for parking; that when it was in the lot the owner of the lot had the control of the car; and that the employees of the lot usually took the keys out of the cars and hid them in the cars.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*

FELTON, J., dissenting. I think the only reasonable construction of the subrogation agreement is to be arrived at by a transposition of the terms thereof, so as to give to the word "subrogate" its usual and customary meaning, so that the agreement would read: "I also subrogate the said company to all my claims or rights against any third person or persons to the amount of the loss and expenses paid." In order to construe the agreement any other way it is necessary to virtually reform it and substitute the word "transfer" or "assign" for "subrogate," which we have no authority to do. In this view the trial court had no jurisdiction to enforce the subrogation agreement, it being strictly a court of law. *Wilkins* v. *Gibson*, 113 *Ga.* 31, 50 (38 S. E. 374, 84 Am. St. R. 204).

At common law the right of action growing out of a tort was not assignable. It was later provided by statute that such a right of action was assignable if it involved a property right, directly or indirectly. Code, § 85-1805; *Sullivan* v. *Curling*, 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124), and cit. The transfer of the

868

title to the car would confer no right at law to the cause of action for negligence resulting in its theft, for the reason that to have such a right of action the person who brings it must have owned the title to the car at the time of the injury (Code, § 3-109), or must have a legal transfer of the right of action from the person who did own the title to the car at the time of the injury. In *Sullivan* v. *Curling,* supra, it was held that the transfer of the assets of the partnership included the transfer of the right of action for a tort which involved a right of property which had previously been committed. That decision did not hold that a transfer of the property damaged gave rise to a cause of action in the transferee for the damage to the property. The chose in action was transferred. The plaintiff in this case could sue in trover for the car, but that is true by reason of the fact that the person withholding possession would be guilty of a conversion at the time the plaintiff owned the title to the car; from both of which facts the action arises. The mere transfer of title does not carry with it the right of action for a previous injury to the property. This has been held with reference to real estate. Code, § 72-105; *Smith* v. *Central of Georgia Ry. Co.,* 22 *Ga. App.* 572 (96 S. E. 570). So, in the absence of an assignment of the cause of action, the plaintiff had no legal right to bring the suit at law in its own name, and the general demurrer should have been sustained. The fact that the plaintiff was subrogated to the rights of the owner does not confer any legal right. *Atlanta Cadillac Co.* v. *Manley,* 29 *Ga. App.* 522 (116 S. E. 35). Both legal and conventional subrogation are purely equitable rights which can not be affirmatively enforced in a court of law, except where it is specifically provided by statute. I am of the opinion that the court erred in overruling the general demurrer to the petition as amended, and that the further proceedings were nugatory.