### 31978. ELLIOTT *v.* LEVY *et al.*

DECIDED JULY 13, 1948. REHEARING DENIED JULY 28, 1948.

*W. Neal Baird, Neely, Marshall & Greene,* for plaintiff.

*Stanley P. Meyerson, J. Kurt Holland, Andrews & Nall,* for defendant.

PARKER, J. Dr. W. B. Elliott sued Sam E. Levy and Annie S. Levy, a partnership, for damages for the loss of his automobile while in the possession of the defendants as bailees for hire. He alleged that prior to September 13, 1947, he had parked his car with the defendants who operated a parking lot in the City of Atlanta, and had been assigned a space in the parking lot where his car would be regularly parked; that he was a customer of the defendants, who also operated a service station, and on September 13, 1947, he delivered his said car to the defendants at their service station, with the request that gas and oil be placed therein and that the defendants should park the car in the space assigned to the plaintiff in the said parking lot; that upon returning for his car it was missing and has not been found; that the defendants were bailees for hire, the plaintiff paying a monthly rental for the use of the space in the said parking lot, and that the loss (the alleged value of the car being $1748.03) the plaintiff sustained resulted from the carelessness and negligence of the defendants, and that the defendants did not exercise ordinary care for the protection and safekeeping of the car after they had been employed so to do; that by the exercise of ordinary care on the part of the defendants the said car would not have been lost or stolen. He prayed for judgment for the value of the car.

The defendants filed general and special demurrers to the petition. One ground of demurrer was that the petition failed to set forth whether the said car was missing from the parking lot, and the space assigned to plaintiff, or was missing from the place occupied by the defendants' service station, and because the petition failed to show whether the car was stolen or lost while in the possession of the defendants in said service station, or later after having been placed in the parking lot. Other grounds of demurrer were that the petition did not show what acts of negligence and carelessness of the defendants resulted in the loss of said car, and did not show the degree of care the defendants were required to exercise, nor in what manner the defendants were negligent.

In response to the demurrers the plaintiff amended by alleging that about 8:30 a. m. on the date in question, after leaving his

car with the defendants to be gassed and oiled, as was his usual custom, and placed in the parking lot, for which he paid $4 per month, he left the defendants' place of business and does not know what disposition was made of said car; that when he returned about noon on the same day he was given the keys to the car, but it was not in the parking lot and could not be found; that he does not know whether his car was allowed to remain at the defendants' main place of business or was taken to the parking lot, but such fact is well known to the defendants; that he does not know whether said car was taken while at the service station or where it was usually parked, but that it was at all times in the possession of the defendants as bailees for hire. The plaintiff also enlarged upon the allegations of negligence charged to the defendants.

The defendants renewed their general and special demurrers to the petition as amended, and moved to strike it upon the ground that it did not set forth a cause of action, and failed to show whether the plaintiff's car was taken from the possession of the defendants or from the possession of the plaintiff, and failed to show a bailor—bailee relationship between the plaintiff and the defendants. Thereupon the court sustained the demurrers and dismissed the petition on the ground that it failed to state a cause of action. The plaintiff excepted to that ruling.

"A bailment is a delivery of goods or property for the execution of a special object, beneficial either to the bailor or bailee or both, and upon a contract, express or implied, to carry out this object and dispose of the property in conformity with the purpose of the trust." Code, § 12-101. "All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed. Different degrees of diligence are required, according to the nature of the bailment." § 12-103. Where the object of the bailment is beneficial to both parties the degree of diligence required of the bailee is ordinary care. *Merchants National Bank* v. *Guilmartin*, 88 *Ga.* 797, 799 (15 S. E. 831, 17 L. R. A. 322); *Renfroe* v. *Fouche*, 26 *Ga. App.* 340 (106 S. E. 303). "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." Code, § 12-104. It is reversible error for the trial judge to relieve the defendant of the duty imposed by this section of the Code, and to so charge

the jury as to put the burden of showing negligence on the plaintiff. *Richter Bros.* v. *Atlantic Co.*, 59 *Ga. App.* 137 (200 S. E. 462). "Loss of property after its delivery to another authorizes an inference that the loss was occasioned by negligence of the person receiving it." *Atlantic Coast Line R. Co.* v. *Barksdale*, 32 *Ga. App.* 643 (1) (124 S. E. 362). "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safe-keeping and return of the automobile." Code, § 12-403.

We think that the petition of the plaintiff clearly alleged a state of facts that made the relationship between the parties that of bailor and bailees. The defendants as bailees accepted delivery of the car and had exclusive temporary possession thereof for the purposes of the bailment. As was said by Judge Lamar in *Atlantic Coast Line R. Co.* v. *Baker*, 118 *Ga.* 809, 810 (45 S. E. 673), "Delivery under which the bailee acquires an independent and temporary exclusive possession is essential to the contract of bailment." The defendants had an independent and exclusive possession of the car and its keys, and when the plaintiff called for the car it was missing and could not be found. In *Dilberto* v. *Harris*, 95 *Ga.* 571 (23 S. E. 112), it was held that the proprietor of a barbershop is a bailee for hire as to a customer's hat placed on a hatrack in the shop while the customer is being shaved. A like ruling was made in *Walpert* v. *Bohan*, 126 *Ga.* 532 (55 S. E. 181, 6 L. R. A. (N. S.) 828, 115 Am. St. R. 114, 8 Ann. Cas. 89), holding that the proprietor of a bathing establishment who receives the apparel or valuables of a bather for safe-keeping while the customer is bathing, and receives compensation for this and for the use of the bathroom, is a bailee for hire. This court held in *Parker Motor Co.* v. *Spiegal*, 33 *Ga. App.* 795 (127 S. E. 797), that a motor company was a bailee for hire as to an automobile left in its custody for repairs; and in *Keene* v. *Lumbermen's Mutual Insurance Co.*, 60 *Ga. App.* 864, 867 (5 S. E. 2d, 379), that the relationship between the operator of a parking lot and a customer using the lot, under the facts of that case, was a bailment.

Without restating the facts and circumstances set out in the petition of the plaintiff in this case, we think it is plain that

there was a bailment of the plaintiff's car, and that the car was lost or stolen in a manner unknown to the plaintiff, but known by the defendants, and that the petition stated a cause of action when it alleged the bailment and the loss thereunder. We do not think it was necessary for the plaintiff to go further and do an impossible thing by alleging the exact time, place, manner or circumstances under which the car was lost or stolen. Allegations showing a bailment and a loss of the property cast the burden on the bailee of showing proper diligence with respect to the subject-matter of the bailment under the Code, § 12-104. The ruling in *Southeastern Fair Assn.* v. *Ford*, 64 *Ga. App.* 871 (14 S. E. 2d, 139), is not in conflict with what we now hold because the facts in that case are substantially different from the facts alleged in this case.

The fact that the plaintiff alleged in response to the demurrer that he did not know what disposition was made of the car after he delivered it to the defendants, that is, whether it was lost or stolen from the service station or from the parking lot, both of which were operated by and under the control of the defendants, did not make the allegations alternative so as to subject the petition to a general demurrer. Alternative pleadings must be disjunctive or contradictory to come under the rules applied in *Doyal* v. *Russell*, 183 *Ga.* 518 (189 S. E. 32), and *Groover* v. *Savannah Bank & Trust Co.*, 186 *Ga.* 476 (198 S. E. 217). The petition here is not disjunctive or contradictory. It alleged delivery to and complete and exclusive custody and possession of the car by the defendants for the purposes of the bailment, and loss of the property by the defendants. This stated a prima facie case and the court erred in dismissing the petition.

This case was considered by the whole court as provided by the act approved March 8, 1945 (Ga. Laws 1945, p. 232).

*Judgment reversed. Sutton, C. J., and Gardner and Townsend, JJ., concur. MacIntyre, P. J., concurs specially. Felton, J., dissents.*

MacIntyre, P. J., concurring specially. I concur in the opinion that the pleadings of the plaintiff in the instant case were not in the alternative and were not subject to the general demurrer; but I can not agree to all that is said in the opinion.

The plaintiff alleges that he delivered his car to the defendant, and gave him the keys thereto, at nine a. m. for the purpose of

having it serviced at the service station operated by the defendant; and that he requested that, after performing these services, the defendant should park the car in the service-station parking lot in the space assigned to the plaintiff, for which space the plaintiff paid four dollars per month; and that this was the usual service when the plaintiff bought oil and gasoline. Thereafter, about noon of the same day, the plaintiff called for his keys and went to such parking space and lot where the car should have been if the defendant (who had retained the possession of the car keys) had executed the purposes of the bailment. The defendant at least became a bailee when the car and the keys were delivered to him under such circumstances and he was in the sole possession of the automobile for the purpose of executing the trust. The automobile was not on the lot where the object of the bailment, if carried out in conformity with the purpose of the trust, required it to be parked; and the car could not be found and has never been found. These are such allegations of the delivery of the property by the plaintiff to the defendant for the execution of a special object to be carried out in conformity with the purposes of the trust as meet all the requirements necessary to constitute a bailment. Code, § 12-101. When the petition further alleged a loss of the property, a cause of action was set forth. The defendant as defensive matter may show proper diligence in the execution of such trust. Code § 12-104, provides: "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence."

One distinction between the case of *Southeastern Fair Assn.* v. *Ford*, 64 *Ga. App.* 871, and the instant case is that there the defendant never at any time had the exclusive possession of the property even temporarily; whereas, here the exclusive possession was turned over to the defendant for a special object to carry out this object in conformity with the purpose of the trust.

FELTON, J. Dissenting. ■ The allegations of liability in this case are in the alternative. (1) One ground of liability is that the car was lost while in the possession of the defendants while being serviced for gasoline and oil. (2) The second ground is that the car was lost while parked in the space designated for its being parked. Where more than one ground of liability is alleged in the alternative, and one of them is insufficient in law,

construction against the pleader requires that the allegations be construed as pleading no more than the defective ground, and this is a defect which is reached by a general demurrer. *Doyal v. Russell*, 183 *Ga.* 518; *Groover v. Savannah Bank & Trust Co.*, 186 *Ga.* 476.

■ I assume, without deciding, that the first alleged ground of liability is sufficient in law. Under the facts alleged, and the omission of other necessary facts, the second ground of liability is insufficient and the action was properly dismissed on general demurrer. There are two general types of parking-lot cases concerning which the law is fairly definitely settled. One is where the attendant collects fees for parking and merely designates a place to park and the driver or owner retains control of the car, locking it or not as he wishes. The other class is where attendants collect fees, assume control of the cars, sometimes parking them, moving them about where keys are left on request and tickets are issued for purposes of identification of cars on redelivery. In the first class of cases it is most generally held that there is no bailment but a mere license or privilege to park, and in some cases it is held to be a lease. In the second class of cases it is generally held that a bailment exists. 131 A. L. R. 1176, 1184; *Southeastern Fair Assn.* v. *Ford*, 64 *Ga. App.* 871; 27 Georgetown L. J. 178 (Parking Lot Cases); 24 Am. Jur. p. 493, § 29. The determining factor in any case is, of course, whether the parking-lot operator has exclusive temporary control of the car. The facts of the instant case do not bring it within either rule, but the facts alleged and the significant ones omitted force us to place it in the first class rather than in the second. I think it reasonable to lay down as a guide the rule that where a particular space is designated for a customer to regularly park his car and the presentation of a ticket is not required for an owner to move it, there is no bailment but only a privilege to park, or a license to use the space. We do not mean to say that these particular facts always necessarily exclude the idea of a bailment. Other additional facts might alter the legal status. What I mean is that in the absence of other facts the above will be taken to mean a privilege or license and not a bailment. Construing the petition in this case against the pleader, it is taken to mean that a particular place was assigned

to the plaintiff, that he could park it in that space and nowhere else; that he could leave his keys in it or lock it as he wished; he could move it without presenting a ticket or without the permission of anyone and that anyone with the keys could move the car at will. In this situation, the filling of the tank with gasoline, or the motor with oil, the placing of the car in the designated place and retention of the keys by the lot operator does not change the relationship of the parties insofar as the right of possession of the automobile is concerned. The placing of the car is done as agent of the plaintiff, and the retention of the keys by the lot operator is merely a bailment of the keys alone in the absence of an allegation that the retention of the keys constituted the lot operator a bailee of the car by reason of the fact that the operator of the lot had a right to move or possession of the car at will while it was parked. Under the facts alleged the owner could remove the keys from his parked car if he parked it himself, which he could do. The parking of the car by the employee of the parking lot did not subject the car to any more danger of theft than it would have been subjected to if the owner had parked it himself and removed the keys, except that the diligence of the parking-lot operator was substituted for that of the owner in respect to the keys. The allegation that the owner recovered the keys eliminates the idea that any negligence in handling the keys contributed to the loss of the car and no such negligence is alleged as being the cause of the loss. The plaintiff had his choice of allegations and chose to omit those which would have made the transaction a bailment. He nowhere alleges any fact which showed exclusive right of possession in the alleged bailee. Under the authorities and facts alleged, the petition did not set forth a cause of action. The instant case differs from *Keene* v. *Lumbermen's Mutual Insurance Co.*, 60 *Ga. App.* 864, in that in the *Keene* case there was no demurrer to the petition and the jury was authorized to find that when the automobile was in fact in the lot the owner of the lot had control of the car.

I believe the majority has confused the rules of pleading with the rules of evidence. For a loss under a bailment the bailor may sue in contract or tort. If he sues for breach of the contract he need only allege the contract of bailment and the breach, or

loss. If he sues in tort he must allege the contract and the negligence of the bailee. In either case he must allege a loss while the article was in the possession of the defendant under a contract of bailment. If he does that, and in either case, proves the loss during the bailment, the burden is on the defendant to show the exercise of ordinary care. The trouble with the majority ruling in this case is that the plaintiff has alleged two sets of circumstances, one of which shows a bailment and one of which does not. The fact that the plaintiff does not know when his car was stolen does not relieve him of the necessity to plead his case properly. I am supported in my conclusion by the fact that the plaintiff contends that the defendant is liable under both sets of circumstances, with which contention I do not agree.