32154.   LOEB *v.* WHITTON.

Decided October 2, 1948.   Rehearing denied October 14, 1948.

*Smith, Partridge, Field, Doremus & Ringel, Ogden Doremus,* for plaintiff in error.

*Young H. Fraser,* contra.

PARKER, J.   This was an action for damages for the loss of the plaintiff's automobile, stolen from a parking lot owned and operated for profit by the defendant.

The undisputed material facts briefly stated show:   that the plaintiff was a customer or patron of the defendant; that he parked his car on the lot owned and operated by the defendant by delivering it with its keys to the attendant and employee of the defendant about 8 o'clock in the morning, receiving from the attendant a parking ticket or check bearing the name and telephone number of the parking lot, the figures "15c" and these words:   "Lock your car if you have valuables.   We close 6 p. m. Not responsible after closing;" that upon calling for the car around 3:30 in the afternoon of the same day the plaintiff found that it was missing, and he was told by the attendant that two men got in the car and drove it away; that he, the attendant, tried to jump in front of the car and stop it, and the driver tried to run over him; that he got on the running board in an effort to stop the car, but that it was not possible for him to do so; that he ran after the car and hollered; that he was the only employee on duty when the car was stolen, and was about a half a mile away at the other end of the lot parking another car when he first saw the strangers in the plaintiff's car; that there were around two to three hundred cars parked there that day, and in the words of the attendant, testifying for the defendant, "there was nobody down there to keep the car from being taken out of the car lot."

The jury returned a verdict for the plaintiff.   The defendant moved for a new trial on the general grounds and on two special

grounds assigning error on the charge. Her motion for new trial was overruled and she excepted.

■ Ground 4 of the amended motion alleges error in the following excerpt from the charge: "But it is alleged and contended by the plaintiff and there was a contract of warranty between him and the defendant by which the defendant warranted to keep safe and protect his automobile. Whether or not there was such a contract, is a question of fact for the jury to determine from the testimony that has been presented to you. I charge you that the burden is upon the plaintiff to prove to your satisfaction by a preponderance of the evidence that there was such a contract, and that the defendant has breached the same resulting in the loss of plaintiff's automobile."

The only exceptions to this charge are: (a) that it was hurtful, harmful, and prejudicial to the defendant for the reason that it was an intimation on the part of the court that there was a contract of warranty between the parties; and (b) that said charge was hurtful, harmful, and prejudicial to the defendant in that it indicated to the jury that the defendant was an insurer, in addition to being a bailee. The charge was not an intimation by the court that there was a contract of warranty between the parties, but it left this question for the jury to determine, and it did not indicate to the jury, as contended by the defendant, that the defendant was an insurer. The charge was not error for any reason assigned.

■ The charge instructing the jury to reconcile conflicting evidence, if there was such evidence in the case, so that all witnesses will be made to speak the truth and perjury imputed to none of them, was not harmful error requiring a new trial. The defendant cites and relies on the case of *Richmond & Danville R. Co.* v. *Mitchell*, 92 *Ga.* 77 (18 S. E. 290), holding that it is error for the court to assume that there is a conflict in the evidence when there is none and to charge the jury on that subject. That case, however, states that no harm would have been done by an instruction merely to reconcile conflicts in the evidence if any existed, and that was the substance and effect of the charge to which the defendant excepts. The charge dealt with in the case cited went much further than the charge excepted to in this case. If there was no conflict in the evidence, the charge was im-

proper, but under the ruling in the case cited we think that it was harmless. A charge on an inappropriate issue, unless harmful, affords no cause for a new trial. *Central R. Co.* v. *Robertson*, 95 *Ga.* 430, 433 (2) (22 S. E. 551).

■ As to the general grounds of the motion, it is apparent that the evidence supported the verdict. "A bailment is a delivery of goods or property for the execution of a special object, beneficial either to the bailor or bailee, or both; and upon a contract, express or implied, to carry out this object and dispose of the property in conformity with the purpose of the trust." Code, § 12-101. "All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed. Different degrees of diligence are required, according to the nature of the bailments." § 12-103. "Where the object of the bailment is beneficial to both parties [as in this case], the degree of diligence required of the bailee is ordinary care." *Elliot* v. *Levy*, 77 *Ga. App.* 562 (49 S. E. 2d, 179), and cit. "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." Code, § 12-104. "Loss of property after its delivery to another authorizes an inference that the loss was occasioned by negligence of the person receiving it." *Atlantic Coast Line R. Co.* v. *Barksdale*, 32 *Ga. App.* 643 (1) (124 S. E. 362). "The relation of the owner of an automobile and the owner of the garage in which the automobile is stored is that of bailor and bailee. Such bailee is bound to use ordinary care for the safekeeping and return of the automobile." Code, § 12-403. See *Goodyear Clearwater Mills* v. *Wheeler*, 77 *Ga. App.* 570 (49 S. E. 2d, 184).

Ordinarily all questions of diligence and negligence are questions of fact for determination by the jury. That rule of law is applicable to this case. When the plaintiff proved the loss, which was not denied by the defendant, the burden was upon the defendant to show proper diligence in taking care of the car. The jury found on this question of fact that the defendant did not successfully carry this burden. The trial court approved that finding and so does this court.

The science of administrative law is not static. Changing conditions compel the application of old principles to new situations. The widespread use of automobiles has brought about the establishment of parking lots all over the country. Counsel refer to

the parking-lot business as probably a billion-dollar industry. The courts must apply the law of bailments with definiteness and firmness to this gigantic business, this industrial Frankenstein, lest it destroy itself. It will not do to hold that a parking-lot operator, charging the public for his services in caring for customers' cars, can escape liability for the loss of a car stolen from his parking lot, in the absence of clear and satisfactory proof showing diligence on his part throughout the bailment. The duty upon the bailee to exercise care and diligence in protecting and keeping safely the thing bailed begins with the delivery of the property to the bailee and continues until the object of the bailment has been carried out in conformity with the purpose of the trust. The duty is not deferred or postponed until such time as the bailee discovers, in the case of a car stored in a parking lot, that thieves are in the car and about to get away with it.. We think that it may be said that a parking-lot operator should provide a sufficient number of attendants to diligently keep watch over all the cars on an open lot at all hours, or have the lot enclosed in such a manner that a small number of employees can with reasonable safety keep the cars from being stolen, or require that all cars be locked, or that the keys be kept in an office or other place of safety, or adopt other safety measures reasonable and fairly sufficient to meet the rule as to care and diligence established by the law. The defendant here did too little and did that too late.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton, C. J., concurs. Felton, J., concurs in the judgment.*