## 32283. HARTLEY v. ROBINSON et al.

DECIDED JANUARY 29, 1949. REHEARING DENIED FEBRUARY 11, 1949.

*Smith, Partridge, Field, Doremus & Ringel, Ogden Doremus,* for plaintiff.

*McLennan & Cook,* for defendants.

PARKER, J. C. A. Hartley sued W. J. Robinson and H. A. Stephens, doing business as Robinson & Stephens Garage, alleging that the defendants operated garages and parking lots for automobiles and were indebted to him for the loss of his car left in the defendants' parking lot; that he was a regular customer of the defendants' parking lot and paid them a monthly fee for said parking; that the defendants were bailees for hire and as such failed to exercise ordinary care in looking after said car, and the loss of said car was due solely to the negligence of said

defendants in failing to properly care for said car while parked with them for a consideration, and in permitting said car to be taken and carried away from their parking lot in open daylight and during parking hours on said lot. The defendants answered by making a general denial of the plaintiff's allegations.

The uncontradicted evidence showed that the plaintiff was the owner of an automobile of the value alleged in his petition, that it was parked on the lot of the defendants under an arrangement with them whereby the plaintiff paid $4 per month for the privilege of parking on the lot, that he was not required to leave his keys in the car unless he left it in the middle of the lot or driveway, that the plaintiff did not have any particular space assigned to him, but could use any place that he could drive in, that when he did not have to park in the middle and leave his keys in the car, he drove into a space and parked; that on the date alleged he took his car out during the morning after having parked on the lot and brought it back around 12 o'clock, and parked it on the northwest corner of the lot, and that when he returned later in the day for the car it was gone. There was no attendant on the lot and nobody gave the plaintiff any claim check. The plaintiff customarily locked his car, practically all of the time, but on this particular occasion he did not take his keys out because he was just absent-minded and in a hurry. He knew that the defendants did not have an attendant on the lot.

While the evidence is somewhat vague on the matter, it appears that the defendants had another parking lot close by and across the street from and not connected with the lot in question, except that attendants from the other lot might be called at times to move cars parked in the middle or driveway of the lot in question so that cars which were blocked could be gotten out.

"A bailment is a delivery of goods or property for the execution of a special object, beneficial either to the bailor, or bailee or both; and upon a contract, express or implied, to carry out this object and dispose of the property in conformity with the purpose of the trust." Code, § 12-101. It has been held that "delivery under which the bailee acquires an independent and temporarily exclusive possession is essential to the contract of bailment." *Atlantic Coast Line R. Co.* v. *Baker,* 118 *Ga.* 809, 810 (45 S. E. 673). See also *Southeastern Fair Assn.* v. *Ford,*

64 *Ga. App.* 871 (14 S. E. 2d, 139). In the instant case the plaintiff had the right under the arrangement with the defendants to park his car on a lot owned or held by the defendants and used for that purpose, but the plaintiff did his own parking, and could take his car in or out of the lot at his own pleasure and convenience, and he did not have to leave the keys in the car unless the lot was crowded and he parked in the middle or driveway of the lot. The requirement that the plaintiff leave the keys in the car under those circumstances was for the purpose of enabling other persons using the same lot to move the plaintiff's car if necessary to get their cars in or out of the lot. On the day in question the plaintiff found space on the side of the lot and did not park in the driveway so as to obstruct the movement of other cars, and for this reason he was not required to leave his keys in the car, but he did leave them in the car because he was in a hurry and was absent-minded. The plaintiff parked the car himself in the manner stated, and in doing so he had no contact whatever with any attendant of the defendants, and received no identification ticket for the car. The plaintiff testified that he did not see any attendants around the lot when he parked, and there is nothing in the record to show that the defendants knew his car was on the lot that day or at any other particular time. We do not think the facts show a delivery of the car to the defendants giving them an independent and exclusive possession of the car so as to make a contract of bailment. For these reasons the court did not err in directing the verdict for the defendant. We think it was demanded as a matter of law and that no other verdict would have been authorized.

The plaintiff relies heavily on the case of *Keene* v. *Lumbermen's Mutual Ins. Co.*, 60 *Ga. App.* 864 (5 S. E. 2d, 379). That case is very much like the instant case on its facts, but there are some differences which we think distinguish it. It appears from the record in that case one or more attendants, usually two, were on the lot apparently at all times; when the plaintiff parked early in the morning he paid one of the attendants the parking charge; he got his car to drive to lunch and when he brought it back about one o'clock there wasn't a space in which he could park without blocking some other car, and he left his keys in the car because he had been told by the attendant it was perfectly

all right to do so when he was blocking another car, and he was requested to leave his keys in the car; and it appears from the decision "that when it [the car] was in the lot the owner of the lot had the control of the car and that the employees of the lot usually took the keys out of the cars and hid them in the cars." In the instant case there were no attendants on the lot; when the plaintiff parked he saw no attendant and paid no attendant, and it does not appear that the owners of the lot had the control of the plaintiff's car while it was on the lot or knew it was there, or that any attendant had anything whatever to do with the keys to the car.

Judgment affirmed. *Sutton, C. J., and Felton, J., concur.*