34054, 34070.   LIGHT *v.* SMITH; and *vice versa.*

592

DECIDED JULY 1, 1952—REHEARING DENIED JULY 21, 1952.

*Marshall, Greene, Baird & Neely,* for plaintiff in error.

*G. Seals Aiken, F. L. Breen,* contra.

GARDNER, P.J. ■ Under this record the court did not abuse its discretion in the first grant of a new trial. The evidence did not in any view demand a verdict for the defendant. On the contrary we are inclined to think that the evidence demanded a finding in favor of the plaintiff except as to the value of the property involved and the hire thereof. We set out in the history of the case the petitions of the plaintiff and the answer of the defendant and also the motion to strike certain portions of the answer of the defendant and the judgment of the court thereon, and also the second amendment of the defendant to his answer and the judgment of the court thereon. We also called attention to the fact that the defendant excepted pendente lite to each ruling of the court dealing with the amendment to the answer. These exceptions pendente lite are set out in the bill of exceptions; and, since we are affirming the judgment of the court granting a first new trial, it becomes necessary that we pass upon these exceptions pendente lite. We have examined them and find that the court committed no reversible error in

striking all of the amendments to the original answer as specified in the history of the case, and they are without merit because they seek to deraign the title of the plaintiff's principal by the agent defendant. We will deal with this principle hereinafter more fully, and we will deal with exceptions pendente lite of the defendant mentioned in his cross-bill of exceptions, based on the assignments of error of allegations in the amendments to the answer of the defendant which the court did not strike.

■ The written consignment agreement was set out in full in stating the history of the case. That portion of the agreement, "It is agreed that C. F. Light Trailer Sales Company, or their salesmen assume no responsibility for loss or damage to the trailer by fire, accident, or otherwise," does not relieve the defendant under the facts of this case from liability. The words "or otherwise" are ejusdem generis, meaning a loss of the same kind or nature as "fire or accident." It does not serve as a specification which will free the defendant of standing idly and negligently by and permitting someone else to take the property bailed to him or consigned to him. Code § 4-206 provides: "An agent may not dispute his principal's title except where legal proceedings, at the instance of others, shall have been commenced against him." There were no special proceedings here. In the defendant's allegations of his answer, he uses this language: "The defendant avers that he did nothing affirmatively with respect to it [the trailer] but that he did not physically restrain said Hallam from taking such trailer." He admits in this allegation that he did nothing, and in his testimony he admits nothing. Yet, in the agreement he was the agent of the plaintiff Smith to take the trailer and sell it. He was thereby obligated under the law to exercise diligence in the protection of the property while it was in his possession, custody, and control, from fire and accident or otherwise, and not to turn it over to some third person except under a legal procedure. There is much discussion pro and con, and numerous authorities cited as to the relationship existing between the parties. We think our statutory law covers the situation here as to the relationship, and we will cite no further authority. On this point, Code § 4-101 reads: "The relation of principal and agent arises

wherever one person, expressly or by implication, authorizes another to act for him, or subsequently ratifies the acts of another in his behalf." We might state here that the burden of proof after proof of loss of the property is on the bailee. Code § 12-104 reads: "In all cases of bailment after proof of loss, the burden of proof is on the bailee to show proper diligence." He cannot exculpate himself from the liability of loss by alleging and proving that he did nothing affirmatively. The duty was on him to protect the property of his principal. He admits that he did nothing affirmatively. A case not altogether on all fours, but analogous to the situation here is *Loeb* v. *Whitton*, 77 *Ga. App.* 753 (49 S. E. 2d, 785). There the court stated: "The defendant here did too little and did that too late." In the case at bar, the defendant did nothing. He did not do even a little either soon or late.

■ ■ We will now refer to the cross-bill of exceptions of the plaintiff. The first assignment of error therein is because the court erred in failing to strike paragraph 2 of the second amendment to the defendant's answer. In the history of the case we have quoted these paragraphs, but we think that the court did not err in failing to strike paragraph 2 of the second amendment.

■ The second assignment of error is because the court failed to strike paragraph 4 of the original answer, as shown in the history of the case. The court did not err in this regard.

■ The third assignment of error is because the court failed to direct a verdict except as to the value and hire of the property in question. We think that the court erred in this regard. Under the whole evidence this was the only issue raised legally, and this was all that should have been submitted to the jury.

■ We move next to a consideration of the special grounds and amended motion for a new trial.

■ Special ground 1 assigns error because the court charged the jury in effect that the consignment contract relieved the defendant of all negligence that does not amount to willfulness or wantonness. We think that this was reversible error, and the true rule is that the defendant was bound to use ordinary diligence.

■ ■ The jurors were brought into the courtroom. A juror stated to the court that a question had come up in regard to the

consignment agreement as to the meaning of the phrase that the defendant assumed no responsibility for the trailer by fire, accident, or otherwise. The court stated in effect that, if the jury found that there had been a conversion, then the jury should find for the plaintiff as to the property which had been consigned regardless of the agreement. The juror then further inquired: "Does the agreement supersede an act of converting?" The court answered in the negative and stated that, if there had been a conversion, the paper is no protection. The latter part of the court's charge is not erroneous, under the facts of this case.

■ ■ Special ground 2 assigns error because the court charged that the burden of proof in the case was on the plaintiff Smith to prove by a legal preponderance his right to recover. This might be confusing. After proof of loss of the bailed property by the plaintiff, the burden was on the defendant to show proper diligence on his part.

■ Special ground 3 assigns error because the court overruled the motion for a directed verdict for the defendant. This same assignment of error was made in the cross-bill and will not be dealt with further here.

■ Special grounds 4, 5, and 6 all deal with the admission of evidence over objection of counsel for the plaintiff. The evidence had to do mainly with the conduct of Hallam, as agent, for Joe Jones Trailer Sales Company in obtaining the trailer from the defendant. It negatives any idea of any legal proceedings to obtain possession of the trailer, and sought to excuse the defendant from protecting the property as bailed. This evidence was irrelevant; immaterial, prejudicial, and harmful to the plaintiff, in that it sought to set up for the defendant a defense not permitted under the law. The court erred in allowing such evidence over objection.

■ ■ Special ground 7 assigns error because the court allowed, over objection, the conditional-sales contract between the seller of the trailer and the plaintiff. We think that this instrument was admissible for one purpose only, and that was that it might shed light in some way as to the value of the trailer at the time of the trial. It was not admissible for any other purpose. This special ground is without merit.

■ Special ground 8 assigns error because the court admitted, over objection of the defendant, the consignment agreement between the plaintiff and the defendant. We think that this was admissible and no reversible error appears here.

■ Special ground 9 assigns error because the court admitted, over objection, a telegram that Hallam, the agent of Joe Jones Trailer Sales Company, came to Atlanta and informed the defendant of the default in payment due, and demanded and took the trailer. We think that this evidence was wholly inadmissible. It seems that it was an agreement concerning the telegram, but it seems not to have been an agreement other than that the defendant might offer the telegram in evidence subject to objection, and let the court pass on its admissibility. The court should not have admitted the telegram, over objections, and it was error to do so.

■ Special ground 10 assigns error because of certain arguments and colloquy between counsel for the plaintiff and counsel for the defendant, had with the court concerning the telegram mentioned above. The question seems to have been as to whether counsel for the plaintiff admitted the contents of the telegram as a fact, or whether counsel for the plaintiff admitted that Hallam would testify to the contents of the telegram if he were present. Our view is that it was immaterial whether it was admitted as a fact or otherwise. It was wholly without the range of any issue in the case and was incompetent in view of what we have already said above.

The Court Finds: (1) The first grant of a new trial by the lower court is affirmed.

(2) The rulings striking the pleadings of the defendant in his original answer and in his first and second amendment on which assignments of error are made are affirmed.

(3) The assignments of error in the cross-bill of exceptions are affirmed in part, and reversed in part, as shown in the body of the opinion.

(4) Let the issue of said case on resubmission to a jury be confined to the value of the property and the value of the hire thereof.

*Judgment affirmed in part and reversed in part with direction. Townsend and Carlisle, JJ., concur.*