41326.   GILLHAM v. FEDERAL EXPRESS
MONEY ORDER, INC.

SUBMITTED MAY 5, 1965—DECIDED SEPTEMBER 8, 1965.

*Jack K. Bohler,* for plaintiff in error.

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* contra.

BELL, Presiding Judge. All of the substantive rights of the parties in this case arose prior to the effective date of the Uniform Commercial Code.

The brief of evidence reveals that the total sum of $2,901.26 for which plaintiff sued is divisible necessarily into two well-defined categories. Each is governed by separate and distinct legal principles although collectively they arose out of the same cause of action—the alleged breach of contract. Consideration of each necessarily arises under the general grounds of the motion for new trial.

■ The first classification amounts to $1,234.78 and is controlled by the principle announced in *McIntire v. Raskin,* 173 Ga. 746, 748 (1) (161 SE 363). This sum is represented by a check which was not drawn on funds belonging to the defendant as drawer to pay or discharge a debt which the defendant owed the payee plaintiff, but was issued for the purpose of transmitting to the payee funds which belonged to it. These funds had been collected by the defendant and held by him for the plaintiff, the payee. While the check in this case was not certified

and hence the drawee bank acted properly in honoring the drawer's stop payment order and incurred no liability for doing so, nevertheless as between the payee and the drawer, the evidence establishes conclusively that the drawer by issuing and delivering the check payable to plaintiff had ceased to treat the cash which he had collected on plaintiff's behalf as belonging to plaintiff, but had taken dominion of the cash represented by the check as his own. The plaintiff by accepting the check as evidenced by its endorsement ratified the exchange of the cash for the check. Thus the defendant was not a bailee of the cash represented by the check but was its owner.

The evidence therefore demanded that the plaintiff recover the sum of $1,234.78, the amount of the check.

■ The other facet of the case requires a determination as to whether the defendant was an insurer of the remaining portion of the funds sued for, i.e., $1,666.48. These funds were indisputably in the defendant's possession and belonged to the plaintiff. If held to be an insurer the direction of the verdict was proper; aliter if the defendant was not an insurer of the property.

■ In absence of clear contractual provisions to the contrary, a bailee in a mutual benefit bailment is not an insurer of bailed property. Under the statutory and common law of this State, as interpreted by the courts, the diligence required of the bailee in this type bailment is ordinary care. *Elliott v. Levy*, 77 Ga. App. 562; *Southeastern Air Services v. Edwards*, 74 Ga. App. 582; *Renfroe v. Fouche*, 26 Ga. App. 340, infra.

The contention is made that the bailment contract requires the defendant, as the seller, to be an insurer of the bailed property. The pertinent provision of the agreement reads, "Seller shall be responsible for drafts and funds in its hands or those of its employees, agents and servants." This language is clear and unambiguous and is for the court to construe. *Code* § 20-701. Properly construed the language in reality places no duty on the bailee which the law itself does not impose. Under the law every bailee is indeed responsible for property bailed to him and to fulfill that responsibility is "required to exercise care and diligence in protecting and keeping safely the thing bailed."

*Code* § 12-103. There is, however, a wide divergence in meaning between the words "responsible" and "insurer." As alone definitive in the bailment contract the word "responsible" superimposes no additional standards on the bailee's conduct above those the law itself places on that conduct. To create liability where the contractual word "responsibility" is alone definitive there must be negligence or some fault such as breach of contract which the law does not allow. Liability of an insurer is imposed without negligence or fault chargeable against the insurer and arises merely by a loss occurring within the contractual terms.

By the terms of the contract in this case the bailee was not an insurer of the bailed property.

■ The evidence shows that the plaintiff placed with the defendant a number of blank drafts drawn against plaintiff which the defendant would issue to customers in return for cash plus designated fees. The defendant would remit to the plaintiff the full amount collected and plaintiff in turn would pay defendant 40 percent of the fees received from the sale of the drafts. Each of the parties benefited from the transactions. Thus possession by the defendant of the drafts together with the possession of cash and fees in the amount of $1,666.48 representing drafts sold and fees collected which had not been transmitted in any form to plaintiff constituted a bailment for the mutual benefit of defendant and plaintiff. *Code* § 12-101. "All bailees are required to exercise care and diligence in protecting and keeping safely the thing bailed. Different degrees of diligence are required, according to the nature of the bailments." *Code* § 12-103. "Where the object of the bailment is beneficial to both parties the degree of diligence required of the bailee is ordinary care." *Elliott v. Levy,* 77 Ga. App. 562, 564 (49 SE2d 179). "Ordinary care is not what any particular person does under given circumstances, but what the ordinarily prudent person does." *Southeastern Air Services Inc. v. Edwards,* 74 Ga. App. 582, 587 (40 SE2d 572). "A bailee who has exercised the proper degree of care and diligence in protecting and keeping safely the thing bailed is relieved from any liability for its loss or destruction." *Renfroe v. Fouche,* 26 Ga.

App. 340 (1) (106 SE 303). Ordinarily all questions of diligence and negligence are questions of fact for determination by the jury. The evidence in this case was sufficient to have supported a jury finding that the defendant had fulfilled the duty imposed on him by law in caring for the property and that its loss was in no way due to his negligence.

The trial court erred in directing a verdict for the plaintiff for that portion of the funds amounting to $1,666.48.

■ The special grounds of the motion for new trial are all rendered immaterial by the rulings stated in Divisions 1 and 2 of this opinion, and none of the errors urged is likely to reoccur on any retrial of the case.

*The judgment of the trial court overruling the motion for a new trial is reversed on the general grounds. Frankum and Hall, JJ., concur.*