## 61849. ATLANTA LIMOUSINE AIRPORT SERVICES, INC. v. RINKER.

POPE, Judge.

The general manager of Atlanta Limousine Airport Services, Inc., while driving a vehicle belonging to the corporation, ran into Ms. Rinker's automobile which was parked in the corporation's parking lot. The general manager told Rinker, an employee of the corporation, that he would arrange to repair the damage he had caused to her vehicle. Several weeks later Rinker left her automobile at the corporation's body shop to have the damage repaired. There was an understanding between the general manager and Rinker that the body shop would also repair the damage to the front end of the vehicle caused in an unrelated accident. The front end repairs required removing the hood and fender from the automobile; this was done at the direction of the general manager.

Repairs to the automobile were not completed. Rinker initiated this suit against the corporation some months later to recover damages, claiming that her automobile had been ruined by the negligent actions of the corporation's agents in leaving the dismantled vehicle outside exposed to the elements. The trial court directed a verdict of liability against the corporation from which this appeal is taken.

1. Rinker's petition states that her automobile was delivered to the corporation and damaged by the negligence of its agents. In this negligence action the liability arises out of a breach of duty incident to and created by a bailment contract, but is only dependent upon such contract to the extent necessary to raise the duty of care required to be exercised by the corporation in the care and keeping of the employee's automobile. *Warren v. Mitchell Motors, Inc.*, 52 Ga. App. 58 (3) (182 SE 205) (1935). Therefore, the existence and type of bailment contract in the present case must be determined in order to establish what duty of care was imposed upon the corporation.

The corporation urges on appeal that it was not bound by the repair agreement and was required to have exercised, at most, only that degree of care in protecting Rinker's automobile which would have been required of a gratuitous bailee. A bailee is discharged from liability when he shows the exercise of that degree of diligence required by law of his class of bailment. *Gillham v. Federal Exp. Money Order, Inc.*, 112 Ga. App. 171 (2b) (144 SE2d 557) (1965). The degree of negligence required to impose liability upon a bailee is generally a question of law to be determined by the court. 3 EGL 82, Bailments § 19 (1975 rev.). However, whether the corporation is to be classified as a bailee for hire or a gratuitous bailee in the present case is dependent upon the jury's determination of whether or not the general manager had the authority to enter into the repair contract.

The corporation argues that no contract existed between it and Rinker, contending the general manager exceeded his authority as an agent of the corporation when he agreed to fix Rinker's automobile at the corporation's body shop. As a general rule, the question of authority to do an act, when it is to be determined from disputed facts or undisputed facts from which conflicting inferences may be drawn, must be decided by the jury as a question of fact or as a question of mixed fact and law. *Schaeffer v. King*, 223 Ga. 468 (155 SE2d 815) (1967). In the present case the undisputed evidence indicated that the general manager did not have the actual authority to repair Rinker's automobile nor was this power to contract to repair that vehicle inherent in the power of the general manager. An agent with express authority to do all acts usual and necessary in the ordinary course of the company's business has no authority to do any act over and beyond the ordinary course of that business. *Pickens Co. v. Thomas*, 152 Ga. 648 (1) (111 SE 27) (1921).

Agency by implication rests merely upon rational inference, and the authority to be implied from acquiescence in acts usual and ordinary in the course of business will not include other acts of a collateral or dissimilar character. *Rothberg v. Manhattan Coil Corp.*,

84 Ga. App. 528 (1d) (66 SE2d 390) (1951). Therefore, even though the general manager regularly handled accidents involving company vehicles by reporting them to the corporation's insurance company and even though the corporation's body shop on occasion had contracted to repair vehicles for a local automobile dealership, these facts do not imply that the general manager had the authority to repair an employee's vehicle, damaged by a company vehicle, in the corporation's body shop. *Trust Co. of Ga. v. Nationwide Moving &c. Co.,* 235 Ga. 229 (219 SE2d 162) (1975); *Conyers v. Ford,* 111 Ga. 754 (2) (36 SE 947) (1900).

Conflicting inferences may, however, be drawn from the evidence as to whether or not the general manager had the apparent authority to repair the automobile and as to whether Rinker reasonably relied upon the representations, circumstances and conduct which lead to her assumptions regarding the general manager's apparent authority. See *Equitable Credit Corp. v. Johnson,* 86 Ga. App. 844 (11) (72 SE2d 816) (1952); *Sinclair Refining Co. v. First Nat. Bank,* 45 Ga. App. 769 (1) (165 SE 860) (1932). The doctrine of apparent authority rests upon the principle that where one of two innocent parties must suffer, the one must bear the burden who places another in a position to cause loss. It necessarily follows that the doctrine may not be invoked by one who knows or has good reason to know the limits and extent of an agent's authority. In such cases the rule is that any apparent authority that might otherwise exist vanishes in the presence of the person's actual or constructive knowledge of what the agent is or is not empowered to do. 2A CJS 808, Agency § 166; see also *Boles v. Hartsfield Co.,* 50 Ga. App. 442 (1) (178 SE 416) (1934). We do not accept the corporation's contention that by virtue of being an employee of the corporation, Rinker was precluded from relying upon any authority which the corporation had apparently conferred upon the general manager. The mere status of being an employee, in and of itself, does not mean that Rinker knew or had good reason to know of the limitations of the general manager's apparent authority urged by appellant corporation.

In the present case there are varying inferences which could be drawn from the evidence as to the general manager's apparent authority or lack thereof. This issue, therefore, presents a question for the jury. *Weathers Brothers Transfer Co. v. Jarrell,* 72 Ga. App. 317 (12) (33 SE2d 805) (1945). A directed verdict on the basis that the general manager did have authority to enter into the repair contract, and, therefore, imposing the standard of care thus applicable upon the corporation, was not authorized by the evidence.

If on any retrial of this case the jury finds the general manager had the apparent authority to enter into the repair contract and

deems that a contract existed which was beneficial to Rinker in that her automobile was to be repaired and beneficial to the corporation in that it eliminated its liability for the negligent act of its general manager, then the jury may find that the corporation was a bailee for hire. The corporation would then be required to have exercised ordinary care in protecting Rinker's automobile since ordinary care is required of a bailee when the object of the bailment is beneficial to both parties. *Loeb v. Whitton,* 77 Ga. App. 753 (3) (49 SE2d 785) (1948); *Elliott v. Levy,* 77 Ga. App. 562 (49 SE2d 179) (1948).

If, on the other hand, the jury finds that the general manager did not have apparent authority or that Rinker's reliance upon the representations, circumstances and conduct of the corporation which led to her assumption of such authority was unreasonable and therefore determines that the corporation is not bound by the repair agreement, then the jury may determine the relationship between the corporation and Rinker constituted a gratuitous bailment. Such a finding would impose upon the corporation the duty to exercise slight diligence in the care and keeping of the bailed property. *Merchants Nat. Bank v. Carhart,* 95 Ga. 394 (1) (22 SE 628) (1894).

Whether the corporation exercised or failed to exercise the care due the bailor is a question for the jury and should not be decided by the court as a matter of law unless the evidence is plain and indisputable. *Beck v. Blackerby,* 156 Ga. App. 15 (274 SE2d 68) (1980). "The question of common law negligence, in bailments as in other tort actions, is best left for jury determination where the minds of reasonable men might disagree as to what showing is necessary to remove the inference of negligence against the bailee." *Cordell Ford Co. v. Mullis,* 121 Ga. App. 123, 124 (173 SE2d 120) (1970). Since the inferences in the present case would have allowed various findings by the jury either for or against liability on the part of the corporation, the direction of the verdict was improper and the judgment of the trial court must be reversed. *Moody v. Nides Fin. Co.,* 115 Ga. App. 859 (1) (156 SE2d 310) (1967).

2. Although Division 1 herein is dispositive of this case, the remaining enumerations are considered so as to avoid error upon the retrial of this case. The corporation enumerates as error the trial court's award of punitive damages. "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." Code Ann. § 105-2002. The charge to the jury which allowed them to determine an amount of damages to be awarded as punitive damages was not error as there was evidence in the record which authorized the jury to determine that the

corporation acted with conscious indifference to the consequences of the negligent act. *Felton v. Mercer,* 149 Ga. App. 358 (3) (254 SE2d 398) (1979).

3. The corporation finally enumerates as error the trial court's charge concerning the measure of damages. The grounds for this objection were not raised at trial and will not be considered on appeal. Code Ann. § 70-207(a). However, see in this regard *Letteer v. Archer,* 160 Ga. App. 373 (1981).

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 25, 1981.

*J. C. Daugherty,* for appellant.
*Thomas Isaacs,* for appellee.