11458, 11459.  RENFROE *v.* FOUCHÉ; and *vice versa.*

STEPHENS, J.  1. A bailee who has exercised the proper degree of care and diligence in protecting and keeping safely the thing bailed is relieved from any liability for its loss or destruction; but on proof of loss the burden is upon the bailee to show that he has exercised the proper degree of care and diligence.  Civil Code (1910), §§ 3469, 3470.  "If the bailment is for the benefit exclusively of the bailee, he must use extraordinary care; if for the mutual benefit of the parties, ordinary care; and if for the exclusive benefit of the bailor, slight care will suffice." *Merchants National Bank* v. *Guilmartin,* 88 *Ga.* 797, 799 (15 S. E. 831, 17 L. R. A. 322).

2. Where a bailment in its inception is for the mutual benefit of both the bailor and the bailee, as where the thing bailed is deposited with the bailee for the purpose of making repairs for a consideration to the bailee, the bailee is under a duty to exercise ordinary care and diligence to protect the property.  Compliance by the bailee with his contractual obligation to make the repairs and a holding of the property bailed until the bailor can call for it does not render the bailment any the less one for the mutual benefit of both parties and is not such a change in its nature as will absolve the bailee from his duty to exercise ordinary care in preserving the property bailed.

3. "Every person shall be liable for torts committed by his . . servant, by his command or in the prosecution and within the scope of his business, whether the same be by negligence or voluntary."  Civil Code (1910), § 4413.  Where a servant departs from the prosecution of his business and commits a tort while acting without the scope of his authority, the person employing him may still be liable if he failed to exercise due care in the selection of his servant.

4. Where an automobile was deposited by the owner with a garage man for the purpose of making repairs thereon, and where during the continuance of the bailment the automobile was stolen by one of the servants of the garage man, employed to work around the garage, in a suit brought by the owner against the garage man to recover damages for the loss of the automobile a charge of the court submitting to the jury the above legal proposition was correct.

5. In a suit against a bailee for loss of property bailed, it is no defense that the bailor was insured against such loss.

6. A bailee cannot by the posting of a notice to the effect that he will not be responsible for damage to articles bailed by fire or theft relieve himself of his common-law liability to exercise due care in preserving the property against damage from such causes.

7. The charge of the court fairly submitted all the issues in the case and fairly called attention to all of the contentions of the defendant.  No error of law appears as set out in any of the grounds of the motion for a new trial, and the evidence authorized the verdict for the plaintiff.

*Judgment affirmed on main bill of exceptions; cross-bill of exceptions dismissed.  Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 26, 1921.

Trover; from Bartow superior court — Judge Tarver.  February 24, 1920.

*John T. Norris,* for plaintiff in error.

*Neel & Neel, M. B. Eubanks,* contra.