39736. DELOACH v. AUTOMATIC TRANSMISSION & BRAKE SHOP, INC.

Decided October 26, 1962.

*Delano Maurice,* for plaintiff in error.

*Bouhan, Lawrence, Williams, Levy & McAlpin, Kirk McAlpin, Frank W. Seiler,* contra.

BELL, Judge. The basic question to be decided is whether the trial court erred in granting the defendant's motion for judgment notwithstanding the verdict. The plaintiff based her action upon *Code* § 12-104, which provides that in all cases of bailment, after proof of loss, the burden of proof is on the bailee to prove proper diligence. This statute has been applied in several cases and interpreted as meaning that after the bailor proves the bailment and that there was loss to the property bailed, the burden is then placed upon the bailee to show that he exercised proper diligence according to the nature of the bailment. *Johnson v. Perkins,* 4 Ga. App. 633 (1), 635 (62 SE 152); and *Pickering v. Anderson,* 12 Ga. App. 61 (76 SE 754). Under the holding in these cases, we feel that the statute established a rule for the shifting of the burden of introducing evidence or of going forward with the evidence.

Here, the plaintiff proved the bailment and the damage but gave no evidence to show that the defendant was negligent in any manner charged in the petition or otherwise. This proof offered by the plaintiff had the effect of placing the burden upon the defendant to show that it exercised due care.

The witnesses called by the defense all gave evidence that the defendant exercised at least ordinary diligence. The plaintiff contends that some of the witnesses introduced by the defendant, who testified concerning the operation of the shop and the conduct of the employees on the particular occasion, contradicted themselves by prior statements, and that some incon-

sistencies appeared in statements by two of the witnesses with respect to the shop cleaning routine followed by the defendant's employees. Counsel has not shown the substance of these claimed contradictions and inconsistencies nor pointed out where they appear in the record, and we have been unable to find them. While there was no proof adduced to show what caused the fire, there was also no evidence that it was caused by the negligence of the defendant's employees.

When the proceedings reached this stage, with no evidence in the record to show defendant's negligence, and such evidence as there was revealed the exercise of due care on the part of the defendant, the burden of going forward with the evidence shifted to the plaintiff who then had the burden of producing evidence to show negligence on the part of the defendant. This the plaintiff failed to accomplish. While the plaintiff's initial evidence made out a prima facie case of negligence, because of the force of the statute, the defendant's evidence offset this by proving affirmatively that he exercised at least the degree of care which the bailment in question called for. This showing prevented a recovery by the bailor unless she introduced rebuttal evidence under the burden placed upon her. This being so, the trial judge properly granted the defendant's motion for judgment notwithstanding the verdict. *Bailey v. Insurance Co. of N. America*, 80 Ga. App. 521, 538 (1) (56 SE2d 848). This granting of the motion for judgment notwithstanding the verdict corrected the trial judge's improper overruling of the defendant's motion for a directed verdict in its favor. Green, Georgia Law of Evidence, §§ 18, 19, 20, and 22. Cf. *Code* § 38-104.

*Code* § 38-104 gives the trial judge the right to solve, in his sound discretion, the question whether there is a shifting of the burden of introducing evidence as to particular facts or issues during the progress of the case. *Hawkins v. Davie*, 136 Ga. 550 (1), 552 (71 SE 873). Although the statute uses the term, "burden of proof," the meaning in which it is used is rather the shifting of the burden of going forward with the evidence and not the shifting of the ultimate burden of proof.

The term, "burden of proof," is used in two senses: one, the burden of proof thrust upon the party by the pleadings which

remains upon him throughout the trial and, two, the burden of the evidence which may and does shift during the progress of the trial as to facts or issues from one party to the other. As to the burden of the evidence, the trial court has the discretion to determine whether or not the evidence produced, under the particular facts, has shifted it. If it has shifted and the party to whom it has shifted has not successfully carried this burden of evidence, the trial judge has authority to withdraw the case from the jury by directing a verdict. *Hawkins v. Davie,* 136 Ga. 550, supra; *Department of Revenue v. Stewart,* 67 Ga. App. 281 (4), 289 (20 SE2d 40). As to the burden of proof placed by the pleadings, the trial judge has no discretion—it is a matter of law; but as to the shifting of the burden of the evidence, he has discretion to determine whether the evidence produced, together with any applicable rules of presumption and procedure, in the particular case has shifted the burden. *Central of Ga. R. Co. v. Hester,* 94 Ga. App. 226 (94 SE2d 124); and *Code* § 38-104.

In the present case the trial judge properly exercised sound discretion by granting the motion for judgment notwithstanding the verdict.

Since the defendant was entitled to judgment, it is unnecessary to consider the assignments of error made by the plaintiff to the granting of the defendant's motion for new trial.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*