52829. ELECTRO-MEDICAL DEVICES, INC. v. URBAN MEDICAL SERVICES, INC. et al.

McMurray, Judge.

This is an action on a bailment by Electro-Medical Devices, Inc. against Urban Medical Hospital, Inc., and its predecessor, Urban Medical Services, Inc. (hereafter referred to collectively as the "Hospital").

In April of 1973, the Hospital ordered four operating

room lights from plaintiff. These lights were delivered to the Hospital in October of 1973, and installed by the Hospital's contractor.

The operating room lights as installed did not prove satisfactory and in April of 1974, the parties agreed to rescind the contract for the purchase of the lights. The parties also agreed that the Hospital would retain possession and use of the lights until they could be replaced. In April of 1974, the Hospital replaced one of the lights and notified plaintiff of this fact.

During the first week of August 1974 the Hospital replaced the other three lights and notified plaintiff that the lights should be removed immediately as construction work would soon be occurring in the room where the lights were stored.

In the last week of August 1974, before any attempt by plaintiff to remove the lights, the Hospital discovered that the lights had been damaged by parties unknown.

On September 4, 1974, plaintiff's president, along with a representative of Siemans Corporation, plaintiff's supplier, arrived at the Hospital to measure the lights for crates in which to ship the lights to Siemans' facility in New Jersey. At this time plaintiff's president learned that the lights had been damaged.

Plaintiff brought this action to recover for the damage to the lights, and defendants filed a third-party complaint against Siemans Corporation. The trial court, sitting as trier of fact, rendered judgment in favor of the defendant and dismissed the third-party complaint against Siemans. Plaintiff appeals. *Held:*

1. Plaintiff enumerates as error the finding of the trial court that the Hospital was a bailee for the benefit of plaintiff and the consequential finding that the Hospital had a duty of only a slight decree of care.

The court was correct in finding that the plaintiff received a benefit from the bailment. However, during the time that the Hospital continued to use three of the operating room lights a benefit or reward flowed to the Hospital. So long as the Hospital received a benefit or reward the bailment was not solely for the benefit of the plaintiff, and the Hospital was under a duty to exercise a degree of care greater than the slight diligence standard

applicable to bailments for the sole benefit of the bailor. Plaintiff also offered evidence of good will flowing to it by allowing the Hospital to use the lights. "Where a bailment in its inception is for the mutual benefit of both the bailor and the bailee, . . . the bailee is under a duty to exercise ordinary care and diligence to protect the property." *Renfroe v. Fouche,* 26 Ga. App. 340 (2) (106 SE 303); *Nash v. Reed,* 81 Ga. App. 473 (3) (59 SE2d 259).

When the three remaining operating room lights were removed from use and placed in storage the first or second week of August 1974, the bailment did not cease, even though the Hospital was no longer receiving any benefit or reward from the bailment. Plaintiff was notified during the first or second week of August of 1974, that the lights were no longer needed by the Hospital, had been removed to a storeroom where construction was imminent and that plaintiff should immediately remove the lights. In the last week of August 1974, the lights were discovered to have been damaged.

The applicable standard of care did not immediately diminish as the bailor would be entitled to a reasonable length of time to remove the lights. *Renfroe v. Fouche,* 26 Ga. App. 340 (2), supra. Therefore, the correct standard of care applicable to the conduct of the Hospital in protecting the lights was ordinary care and the application of the slight diligence standard was error. The court, having rested its judgment on reasons which are erroneous or upon an erroneous legal theory, committed reversible error. *Carter v. State,* 93 Ga. App. 12, 21 (90 SE2d 672); *Miller v. Travelers Ins. Co.,* 111 Ga. App. 245, 248 (141 SE2d 223); *Williams v. Morrison Assur. Co.,* 138 Ga. App. 191, 193 (1) (225 SE2d 778); *Smith v. Helms,* 140 Ga. App. 267 (3).

2. Plaintiffs' last two enumerations cite as error the findings of the court that there was no evidence that the Hospital did not use slight care and that the Hospital did not fail to exercise slight care. Plaintiff argues that these findings are contrary to the law in that they reflect the imposition of an undue burden upon plaintiff to come forth with evidence of the Hospital's negligence, and that having proved the bailment and shown possession in the Hospital at the time of damage, under Code Ann. § 12-104,

the burden of proof should be on the defendant Hospital to show proper diligence. See *Henry Grady Hotel Corp. v. Grady Motors,* 96 Ga. App. 416 (100 SE2d 125); *Allen v. Southern R. Co.,* 33 Ga. App. 209, 210 (3) (126 SE 722). This argument is correct, but other factors are involved as derived from the evidence as to whether or not plaintiff failed to exercise proper diligence in the protection of its property in picking up its equipment from defendant, and plaintiff's negligence, if any, in this regard may have been equal to or greater than any negligence of the defendant. Therefore, issues of fact remain for decision under proper legal consideration of the case.

*Judgment reversed. Quillian, P. J., and Marshall, J., concur.*

Submitted October 12, 1976 — Decided November 19, 1976 — Rehearing denied December 15, 1976.

*Valianos, Joh & Homer, Christopher J. Valianos,* for appellant.

*Slutzky & Wolfe, Danny C. Bailey, Awtrey, Parker, Risse, Mangerie & Brantley, Toby B. Prodgers,* for appellees.