## 53840. RHODES v. DUARTE.

McMurray, Judge.

This is an action on a bailment. The plaintiff was the owner of a motorcycle which he had left on consignment with defendant to sell. Defendant operated a motorcycle sales and repair business which was destroyed by fire. Plaintiff's motorcycle was damaged in the fire, and plaintiff brought this action for damages. At the conclusion of defendant's evidence he moved for directed verdict. This motion was denied and the jury returned a verdict for plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied, and he appeals. *Held:*

This bailment being for mutual benefit, the bailee was under a duty to exercise ordinary care and diligence to protect the property. *Renfroe v. Fouche,* 26 Ga. App. 340 (2) (106 SE 303); *Electro-Medical Devices v. Urban Medical Services,* 140 Ga. App. 776, 778 (1) (232 SE2d 106). The existence of the bailment and damage to plaintiff's motorcycle is uncontroverted, therefore, under Code § 12-104 the burden was then on the defendant (bailee) to show proper diligence. Defendant met this burden by his testimony that it was defendant's habit to inspect the premises prior to closing; that he conducted his customary inspection on the night of the fire before he left

the building and did not see anything out of the ordinary; that there was no oil or gas on the floor, the business using storage containers for fuel and grease rags as required by the fire department; that it looked like the fire originated in the parts department where no oil or gasoline was stored and that nothing was stored in the parts department which would create a fire hazard. Defendant also testified he inspected the premises soon after the fire and could find nothing which would lead him to believe that the fire could have been caused by one of his employees or himself.

The defendant having shown the required standard of diligence, the burden of going forward with the evidence shifted to the plaintiff who then had the burden of producing evidence to show negligence on the part of the defendant. Plaintiff's evidence was that the building in which defendant's business was conducted was an old building which had no automatic sprinkler system or fire alarm system, nor was any night watchman in the building or on the premises. The testimony was elicited from defendant that the gasoline tanks of approximately 30 motorcycles on the premises were partially filled at the time of the fire, but there was no evidence to show that this circumstance was in any way connected with the origin of the fire. Furthermore, there was testimony that no sprinkler system, smoke detection system or alarm system was required by the fire code for that building. A captain with the fire department who had investigated "a couple of hundred" fires, testified that the cause of the fire was "undetermined" and that he was unable to determine whether the fire was caused by someone's carelessness or that it was an intentional fire. There was no evidence which shows negligence on the part of defendant, therefore, under the holding of this court in *Deloach v. Automatic Transmission & Brake Shop,* 106 Ga. App. 797, 799 (128 SE2d 512), the court erred in denying defendant's motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

ARGUED MAY 2, 1977 — DECIDED JUNE 27, 1977 — REHEARING DENIED JULY 15, 1977.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Gary L. Coulter, Susan G. Elliott,* for appellant.

*H. Norwood Pearce, Kenneth S. Stepp,* for appellee.