## 62349. LETTEER v. ARCHER.

McMurray, Presiding Judge.

The defendant operated an automobile repair business. Plaintiff delivered his automobile to defendant for the purpose of having certain repairs made. After the completion of the repair work, but before plaintiff arrived to pick up his automobile, two tires and wheels were stolen from the vehicle and later a tape player was also removed. Defendant refused to replace the missing items.

Plaintiff then brought this action, alleging the value of the automobile both before and after the damages and contending that the damages to the vehicle were due to the negligence of defendant.

Defendant answered, contending that the complaint fails to state a claim upon which relief can be granted and denying plaintiff's allegations of negligence. Defendant also counterclaimed for the amount of the repair bill, for storage and for attorney fees.

The jury returned a verdict in favor of the plaintiff in the amount of $654.16, and the judgment followed the verdict. Defendant's motion for new trial on the general grounds was denied,

and defendant appeals. *Held:*

1. Generally, in an action to recover damages to a vehicle, the measure is the difference between the value of the property immediately before the damage and immediately afterwards. See *Douglas v. Prescott,* 31 Ga. App. 684 (1) (121 SE 689); *General GMC Trucks, Inc. v. Crockett,* 145 Ga. App. 503 (2) (244 SE2d 78). "[I]n a case where the owner has undertaken to make proper and necessary repairs, he may, in establishing such damage, include such proper and necessary expenses, provided such items are the direct and proximate result of the collision, and represent the reasonable value of such necessary material and labor, and provided the aggregate of these amounts, together with hire on the machine while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the value of the machine before the injury, with interest thereon." *Lamon v. Perry,* 33 Ga. App. 248, 249 (1) (125 SE 907). See *Leggett v. Brewton,* 104 Ga. App. 580, 583 (2) (122 SE2d 469); *General GMC Trucks, Inc. v. Crockett,* 145 Ga. App. 503 (3), supra; and cases cited in these cases. However, in the case sub judice plaintiff owner has not undertaken to replace the missing items.

2. In simple bailment cases damages for the breach of the contract, if the contract does not contemplate payment of rental until the item is returned, nor payment as to its loss or destruction, the measure of damages is the fair market value of the property, that is, if lost, destroyed or simply not returned, or if damaged, the measure of damages is the difference in the market value immediately before and immediately after the damage. See *Brown v. Five Points Parking Center,* 121 Ga. App. 819 (6) (175 SE2d 901); *Rent-A-Tool Co. v. Jackson,* 142 Ga. App. 781 (237 SE2d 14). Here, the action sounds in tort and not contract, hence *Warren v. Mitchell Motors, Inc.,* 52 Ga. App. 58, 59 (3), 60 (4) (182 SE 205), controls this case. It appears that in the case sub judice, as in *Warren,* the plaintiff has waived a suit on the breach of the contract and has sued in tort alleging negligence as the proximate cause of his damages. Therefore, the above cases of *Brown* and *Rent-A-Tool Co.,* in no way are controlling here.

3. The defendant first enumerates as error the trial court's charge to the jury that the measure of damages to be applied was the difference in market value before and after the damage was done to the automobile. The charge as given was based upon the evidence as to the value both before and after the incident in question resulting from the removal of parts from the automobile as thus damaging it. While defendant made no written request to charge as to the measure of damages for the fair market value of the vehicle parts which were lost and/or stolen, he did at the completion of the charge orally

request that the jury be recalled and instructed accordingly as to the value of the items that were taken from the automobile, there being some evidence as to these amounts, as well as the difference between the value of the automobile immediately before and after the damages occurred by reason of the removal of same. The trial court merely noted the objection and did not recall the jury for this instruction. The charge as given was a correct charge under the facts and circumstances of the case sub judice and not subject to the complaint that it was erroneous.

4. By brief and argument the defendant has combined enumerations of error No. 1, 2 and 3 "as they all concern the issue of the proper application of the measure of damages." Enumeration of error No. 1 has been considered fully above and found not meritorious. Enumeration of error No. 2 contends the "trial court erred in ruling that the measure of damages was the cost to replace the tires and wheels, and radio and tape player that were taken from the vehicle, rather than the fair market value of the tires, wheels, radio and tape player that were actually taken from the vehicle as of the time of loss." As to enumeration of error No. 3, defendant contends the "trial court erred by admitting into evidence the value of the new tires, wheels, radio and tape player, rather than limiting the testimony to the value of the items actually stolen from the Appellee's vehicle, as evidence going to the measure of damages sustained by the Appellee." In support of enumerations No. 2 and No. 3, defendant has made specific reference to the trial transcript wherein certain rebuttal testimony was given by the plaintiff and a ruling of the court invoked upon objection. This testimony in rebuttal was as to the cost of the replacement tires (and presumably the replacement cost of the other equipment stolen), all of which were not replaced (that is, repaired) by the defendant after they were stolen. Again, the entire argument with reference to this testimony was concerned with the measure of damages as expressed above. The ruling by the court was to allow the rebuttal testimony to rebut the evidence of the defendant with reference to the value of the tires as opposed to the value of the tires now for replacement purposes and same was permitted into evidence "under those circumstances." Accordingly, the trial court did not rule as contended by the defendant in the second enumeration of error that the measure of damages was the cost to replace the tires and wheels, radio and tape player that were taken from the vehicle. As this was not the ruling of the court at all with reference to the evidence as to the replacement value of the equipment stolen, there is no merit in this enumeration of error. Nor did the trial court err in allowing the evidence as to the replacement cost of the tires to rebut the value of same as offered by

the defendant.

5. Defendant also requested two additional charges on the issue of comparative negligence, one containing the language of Code § 105-603, and the other containing language from *Georgia S. & F. R. Co. v. Haygood,* 103 Ga. App. 381 (119 SE2d 277), which were not submitted to the jury by the trial court. Defendant contends this was error, relying on evidence which the defendant alleges shows negligence on the part of plaintiff in failing to promptly and prudently pick up his vehicle from the repair shop after being notified the repairs had been completed. Although there was some discrepancy in the evidence as to the time at which the plaintiff was notified the repairs on the car were completed, it is uncontroverted that the plaintiff arrived at the repair shop to pick up the vehicle on the Tuesday following the Thursday on which the repairs were completed. Plaintiff was entitled to a reasonable period of time after completion of the repairs to pick up the vehicle. The question of whether the period of the delay was reasonable, or so excessive as to represent negligence, would be, except in plain, palpable and indisputable cases, a determination to be made by the jury. In the case sub judice the period of time which had ensued past the completion of repairs was not so lengthy as to create a jury issue. In other words, we hold that regardless of the factual determination as to the time of notice to the plaintiff that repairs were completed, the delay in picking up the car was plainly and indisputably reasonable on the facts of the case sub judice. The trial court did not err in failing to charge the jury as to comparative negligence as there was no evidence presented at trial showing any negligence on the part of plaintiff. See in this regard *Myers v. Bolman,* 151 Ga. App. 506, 508 (260 SE2d 359). Compare *Electro-Medical Devices, Inc. v. Urban Medical Svcs.,* 140 Ga. App. 776, 779 (232 SE2d 106).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED NOVEMBER 13, 1981.

*Roger W. Dunaway, Jr.,* for appellant.
*John D. Watkins,* for appellee.