A90A1115, A90A1119. AMMARI v. SOHN et al. (two cases).
(398 SE2d 804)

COOPER, Judge.

This opinion involves two separate appeals, both originating from the same set of facts. In late December 1987, Ammari brought an amethyst gemstone to a jewelry store owned and operated by Sohn and requested Sohn to add a mounting of gold and diamonds to the amethyst. Ammari testified that he left the amethyst with Sohn after receiving assurances that the stone would be kept in the store safe until the work was completed. In late January 1988, a large group of people converged upon the jewelry store with the intention of diverting the attention of the store employees. During the several minutes that the people were in the store, one person obtained entry to the room where the safe was located, opened the day lock on the safe with the safe key and took several items in the safe, including Ammari's amethyst. Ammari was notified of the theft in March and a dispute between

Ammari and Sohn ensued as to the true value of the stone, with the estimated values ranging from $450 to $6300. Ammari filed suit against Sohn individually and the entities in which Sohn was doing business, and in an amended complaint, alleged that the defendants failed to use ordinary care and diligence to safeguard the stone, failed to promptly inform Amari of the theft and failed to acknowledge and pay to Ammari the fair market value of the stone. Ammari charged that the defendants breached their duties as bailees, acted in bad faith and defrauded Ammari of the full value and use of the stone. At trial, Ammari argued that his complaint advanced two separate claims, a bailment claim based on the negligence of the defendants, and a fraud claim, based on the failure to promptly inform Ammari of the theft and Ammari's allegations that Sohn represented to him that the stone would be insured for $1500 while in his store, which insurance was not in fact obtained. At the close of the evidence, the trial court directed a verdict on the bailment claim in favor of Sohn and the defendants, finding that Ammari had not presented any evidence that the defendants had been negligent in safeguarding the stone. The court allowed the fraud claim to go to the jury, and a verdict for $2000 was rendered in favor of Ammari. Sohn and the other defendants filed Case No. A90A1119, appealing the verdict on the fraud claim and the court's ruling allowing the issue of fraud to be sent to the jury, and Ammari filed Case No. A90A1115, appealing the grant of directed verdict on the bailment claim.

## Case No. A90A1115

1. Appellees, Sohn et al., first move to dismiss this appeal on the grounds that appellant, Ammari, failed to file a cross-appeal after appellees first filed their appeal. Appellees alleged that appellant was required to file a cross-appeal, therefore appellant's independent appeal is not properly before this court. OCGA § 5-6-38 (a) gives an appellant the right to file a cross-appeal, yet specifically preserves an appellant's option to file an independent appeal. The motion to dismiss is without merit and is denied.

2. Appellant's sole enumeration of error is that the court erred in granting appellees' motion for a directed verdict. When the existence of a bailment is uncontroverted, "after proof of loss by the bailor, the burden of proof is on the bailee to show proper diligence." OCGA § 44-12-44; *Rhodes v. Duarte*, 142 Ga. App. 885 (237 SE2d 212) (1977). The burden referred to in the statute is the burden of introducing evidence or of going forward with the evidence. *Deloach v. Automatic Transmission & Brake Shop*, 106 Ga. App. 797, 799 (128 SE2d 512) (1962). Once the bailee shows the required standard of diligence, "the burden of going forward with the evidence shift[s] to the [bailor] who then ha[s] the burden of producing evidence to show negligence on

the part of the [bailee]." *Rhodes*, supra at 886; *Deloach*, supra at 800. We agree with the trial court that, based on the evidence adduced at trial, appellees met their burden of producing evidence showing compliance with ordinary care and diligence to protect the stone. However, once this burden was met and the burden again shifted to appellant, appellant did not produce evidence to show the negligence of appellees. At trial, Sohn testified that the store's safe was on a day lock, which required a key to open; that the safe itself was located in a separate locked room; and that the key to the safe was kept on a shelf to the side of the safe, within arm's reach, but not in plain view. An employee of appellees who was present at the time of the robbery testified that the door to the safe room was typically kept locked and one needed a key to get in the room; and that the key to the safe was kept on the shelf out of sight. Sohn's wife, also an employee at the time of the robbery, testified that the safe was on a day lock; that the safe room door was kept locked; and the key was kept on the back of the shelf so that she had to reach back to get it. Appellees' expert witness, a former employee of appellees and a person familiar with the general security practices of the jewelry business, testified that his knowledge of appellees' general practices in safeguarding property complied with maximum security procedures. Finally, appellant's expert witness testified that a day lock is appropriate, and although some jewelry stores keep the key to the day lock in a separate room, if it is kept in a place not plainly visible, then proper safety procedures were maintained; and that if the room to the safe is locked, then extra precautions have been taken. Appellant contends that negligence was shown by the employees' testimony that they did not see marks on the door to the safe room or any other evidence indicating that the door had been tampered with, and by Sohn's testimony that the theft occurred in a very short period of time. Appellant asserts that this evidence negates the testimony that the door to the safe room was kept locked and that the key was not plainly visible. Appellant presented no evidence that appellees' general practices or the practices on the day of the robbery were not ordinarily prudent; presented no evidence that a door and lock such as were on the room to the safe could not have been violated, if locked, without evidence of tampering; and presented no evidence to support his claim that there were not enough sales people in the store at the time of the robbery. In the absence of competent rebuttal evidence by the appellant, a directed verdict was proper because appellant "simply fail[ed] to prove his case." *Quinones v. Maier & Berkele*, 192 Ga. App. 585, 587 (la) (385 SE2d 719) (1989).

### Case No. A90A1119

The appellants herein, Sohn et al., appeal the verdict and the

$2000 judgment on the fraud claim and assert that the fraud issue should not have been sent to the jury at all. "[W]e are . . . unable to reach the merits of any error enumerated, because we conclude that the appeal is one which must be brought pursuant to the discretionary review procedures of OCGA § 5-6-35." *MTW Investment Co. v. Vanguard Properties Fin. Corp.*, 179 Ga. App. 403, 405 (346 SE2d 575) (1986). "Under OCGA § 5-6-35 (a) (6), it is the amount of the underlying final judgment from which an appeal is taken, not the enumerations of error, which determines the direct or discretionary appealability of àny given case. 'By its own terms OCGA § 5-6-35 (a) (6) applies when there is an action for damages and the result is a judgment of $2,500 or less. (Cit.) We interpret this to mean that an application is required when a party seeking a money judgment prevails, that is(,) a judgment for some sum is obtained but the award is $2,500 or some lesser sum.' [Cit.]" *Ostrom v. Kapetanakos*, 185 Ga. App. 728, 729 (1) (365 SE2d 849) (1988).

*Judgment affirmed in Case No. A90A1115. Appeal dismissed in Case No. A90A1119. Banke, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 6, 1990.

*Stewart, Melvin & House, J. C. Highsmith, Jr.*, for appellant.
*Robert E. Andrews, G. Donald Pulliam*, for appellees.