A09A0258. NEWBERRY et al. v. TRISTAR AUTO GROUP, INC. et al.

(677 SE2d 370)

PHIPPS, Judge.

This case arises from Ruben and May Newberry's purchase of a truck from TriStar Auto Group, Inc. After the truck sustained body damage, TriStar agreed to have its body shop, Finish Line Paint and Collision, Inc., make the repairs. While the truck was in Finish Line's possession, however, the engine sustained serious damage. As a result, the Newberrys quit making payments on the truck, and TriStar sued them for breach of contract. The Newberrys filed a counterclaim, charging TriStar with fraud and charging both TriStar and Finish Line with liability for having damaged the engine during the Newberrys' bailment of the truck to them.

At trial, TriStar and Finish Line each moved for a directed verdict. After the trial court denied those motions, the jury returned a verdict awarding TriStar damages on its claim against the Newberrys for breach of contract and awarding the Newberrys damages on their counterclaim against TriStar and Finish Line. The Newberrys moved for a new trial, correctly arguing that the trial court had erred in instructing the jury that the Newberrys were seeking attorney fees and punitive damages only with respect to their claim of fraud against TriStar. TriStar, joined by Finish Line, moved for a judgment notwithstanding the jury verdict (j.n.o.v.) on the Newber-

rys' counterclaim, correctly arguing that the evidence was insufficient to support the award of damages to the Newberrys. The trial court granted the motion for j.n.o.v. and denied the Newberrys' motion for new trial. The Newberrys have appealed. Because the trial court did not err in granting TriStar's and Finish Line's motion for j.n.o.v., we affirm.

The Newberrys' counterclaim, initially filed only against TriStar, charged TriStar with fraud in inducing them to enter into the contract and sought a rescission of the contract on that ground, as well as a recovery for damages to the engine while the truck was in Finish Line's possession. In the counterclaim, the Newberrys also sought attorney fees under OCGA § 13-6-11 on the ground of bad faith. And they sought punitive damages. The Newberrys later amended their counterclaim and added Finish Line as a counterclaim defendant. A pre-trial order entered in this case thus reflected that the Newberrys were seeking to recover against both TriStar and Finish Line, for compensatory damages the Newberrys had sustained as a result of the damage to the engine, as well as attorney fees and punitive damages.

In response to a question from the jury during its deliberations at trial, however, the court instructed the jury, over objection by the Newberrys, that the Newberrys were seeking attorney fees and punitive damages only on their fraud claim against TriStar. At the close of the evidence, Finish Line moved for a directed verdict based on the insufficiency of the evidence that it had damaged the engine, intentionally or otherwise, or whether the engine in a truck that old had simply failed. The court denied Finish Line's motion, ruling that there was a jury issue on the question of whether or not the engine "was abused or whether or not it was just an old engine that failed." TriStar also moved for a directed verdict, arguing among other things that the Newberrys had submitted no evidence as to the value of the truck after the alleged engine damage. The court also denied TriStar's motion.

The jury initially returned a verdict awarding the Newberrys more in damages on their bailment claim than the truck was worth when the Newberrys purchased it. As a result, the court recharged the jury that the measure of damages for the Newberrys' bailment claim was the difference between the value of the truck before and after the bailment. After resuming deliberations, the jury sent the court a note revealing that the reason for the relatively high amount of its initial verdict was that it had included an award of attorney fees to the Newberrys as well as compensation for damages to the truck. The court then, again over objection by the Newberrys, instructed the jury that it was not authorized to award attorney fees to the Newberrys under their bailment claim. The jury thereupon

returned a verdict awarding TriStar damages against the Newberrys on its breach of contract claim, and awarding the Newberrys damages against TriStar and Finish Line on the Newberrys' bailment claim, but finding against the Newberrys on their claims for attorney fees and punitive damages.

The Newberrys filed a motion to make the initial verdict of the jury the final judgment of the court. After the court denied that motion, TriStar and Finish Line jointly filed the motion for j.n.o.v.; the Newberrys filed their motion for new trial; and the court granted the former motion and denied the latter.

1. The court did not err in granting TriStar's and Finish Line's motion for j.n.o.v. In a bailment case such as this, we have held that the measure of damages is the difference in the market value immediately before and immediately after the damage to the bailed property.[1] There is authority, however, for allowing the bailor to recover the cost to repair a vehicle in lieu of the decrease in its fair market value, so long as such cost does not exceed the reduction in the vehicle's fair market value.[2] But here, the Newberrys failed to submit any evidence as to the post-bailment fair market value of the vehicle. Because they did not prove this critical element of their case under either damage standard, TriStar and Finish Line were entitled to a j.n.o.v. based on the insufficiency of the evidence to support the verdict.[3]

2. There is no merit in the Newberrys' argument that TriStar and Finish Line waived their entitlement to a j.n.o.v. based on the insufficiency of the evidence to support the verdict.

As authority in support of their argument, the Newberrys rely on *Famiglietti v. Brevard Med. Investors.*[4] *Famiglietti* recognized OCGA § 9-11-50 (b), which begins by providing that "[w]henever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury *subject to a later determination of the legal questions raised by the motion.*"[5] OCGA § 9-11-50 (b) then provides that "[n]ot later than 30 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict." *Famiglietti* thus holds that "the j.n.o.v. must be based on grounds raised in the motion for directed verdict initially, for it is in

---

[1] See *Letteer v. Archer*, 160 Ga. App. 373, 374 (2) (287 SE2d 89) (1981).

[2] See *Dado v. Jeeninga*, 743 NE2d 291 (Ind. App. 2001).

[3] See generally *Lillard v. Owens*, 281 Ga. 619, 620 (1) (641 SE2d 511) (2007).

[4] 197 Ga. App. 164 (397 SE2d 720) (1990).

[5] (Emphasis supplied.)

effect only a new ruling on a renewed motion."[6]

TriStar and Finish Line both moved for a directed verdict based on the same general ground, i.e., the insufficiency of the evidence to support a verdict. But in support of its motion, TriStar argued that the Newberrys had failed to establish the post-bailment value of the truck. In support of its motion, Finish Line argued only that the Newberrys had failed to prove that Finish Line had caused the damage to the engine. And although TriStar joined in Finish Line's motion, Finish Line did not join in TriStar's. Nonetheless, the issue concerning the Newberrys' failure to show the value of the truck after the damage to the engine was raised by TriStar at trial. And the sufficiency of the evidence was raised by Finish Line as well as TriStar. Under these circumstances, Finish Line could join in TriStar's motion for j.n.o.v.[7]

3. Remaining issues are moot.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED APRIL 3, 2009.

*William T. Elsey*, for appellants.
*William E. Cetti, Gerard P. Verzaal*, for appellees.

---

[6] Id. at 166 (2).

[7] Cf. *Aldworth Co. v. England*, 281 Ga. 197, 198 (2) (637 SE2d 198) (2006) (a party who has not moved for a directed verdict based on the insufficiency of the evidence can still obtain a new trial on that ground under OCGA § 5-6-36, even though a j.n.o.v. is unobtainable under OCGA § 9-11-50).