## ATLANTIC COAST LINE RAILROAD CO. v. BAKER.

1. In order to create a bailment the bailee must have an independent and exclusive possession of the property.
2. Where the owner of land contracts with another to convert the standing timber into cross-ties, and agrees to pay the workman twelve cents per tie, the latter has no such independent possession as to create a common-law lien on the ties for his labor expended, and can not maintain an action against one alleged to have negligently destroyed the same by fire.
3. The right of action for the loss is in the owner of the timber, and the workman must look to his employer for compensation for services performed.

Argued October 6, — Decided October 30, 1903.

Certiorari.    Before Judge Seabrook.    Liberty superior court. January 14, 1903.

Baker sued the railroad company, in a justice's court, for damages on account of the burning of certain cross-ties, alleged to be "the property of complainant." From the plaintiff's evidence at the trial it appeared that he had cut the ties under a verbal contract with Jones, on land of the Wilkins estate and from timber grown thereon, which Jones had leased for the purpose of cutting ties; that under the contract with the plaintiff, Jones was to pay him twelve cents "for each tie he got out, after the ties had been inspected and delivered to" Jones; and that the ties which were burned had not been inspected and delivered, and, at the time of the burning, were on the leased premises. At the conclusion of the testimony introduced by the plaintiff, " counsel for the defendant moved to dismiss the suit . . and to enter up judgment for the defendant, on the ground that the plaintiff had failed to prove that the cross-ties . . were the property of the plaintiff, or to prove that he had such an interest in them as would entitle him to sue for their value." The motion was overruled, and, no evidence being introduced for the defendant, the court rendered judgment for the plaintiff for the amount sued for. This judgment and the overruling of the motion to dismiss were complained of in the defendant's petition for certiorari. The certiorari was overruled, and the defendant excepted.

W. L. Clay and Shelby Myrick, for plaintiff in error.
A. S. Way and W. S. Howard, contra.

LAMAR, J.    " A bailment is a delivery of goods or property for the execution of a special object, beneficial either to the bailor or

bailee, or both ; and upon a contract, express or implied, to carry out this object and dispose of the property in conformity with the purpose of the trust." Civil Code, § 2894. But delivery under which the bailee acquires an independent and temporarily exclusive possession is essential to the contract of bailment. When, therefore, the owner of timber contracted with another that the latter should convert the trees into ties, and agreed to pay therefor at a certain rate for each tie when inspected and delivered, the arrangement was not one of bailment. It gave the workman no special property in the ties. There was no exclusive possession in the bailee. The title and possession of the standing timber were in Jones; when a tree was cut and fell to the ground, and when the ties were hewn and piled on his land, the legal possession of Jones continued. The contract was one of employment, under which Baker was to do the work and receive compensation when the cross-ties were inspected. It is true the witness stated that payment was to be made when they were inspected and delivered, but in legal effect they needed no delivery, already being, in contemplation of the law, in the possession of the owner. It is like the case where one is employed to split rails, or to cut and cord wood on the premises of the owner. The workman may have physical custody and by his labor may have given added value to the material; but the legal possession is in the owner of the land, and the laborer has no special property therein as bailee. He may acquire a lien under the Civil Code, §§ 2792, 2793, but has none under those sections relating to bailments. Fitzgerald *v.* Elliott, 126 Pa. St. 118, 42 Am. St. R. 812, is directly in point. It is not like the case where wheat is left with a miller to be ground into flour, or where logs are turned over to the owner of a sawmill to be converted into boards. In these cases there is an actual change of legal as well as physical possession, by virtue of which the bailee is entitled to maintain an action of trover or trespass against one who interferes with his possession, or who negligently destroys the property while in his custody. The title and possession of the ties being in Jones, the right of action for their destruction was in him, and the plaintiff must look to his employer for compensation for the work done, or for the value of his services. Compare Civil Code, § 2919 ; *Wall* v. *State*, 75 *Ga.* 474; *Thornton* v. *McDonald*, 108 *Ga.* 3 ; *Jordan* v. *Jones*, 110 *Ga.* 47.

This conclusion necessitating a reversal, it is unnecessary to consider whether under the facts the defendant was shown to have been liable for the results of the fire.

*Judgment reversed.    All the Justices concur.*