## 47471.   SHINGLER MOTORS, INC. v. WEST.

CLARK, Judge. West, an employee of Shingler Motors, Inc., sued his employer for the value of his portable tools contained in a locked box which was stolen from the garage during a night-time after-hours burglary. There having been a number of such prior burglaries West had warned his employer of a recurrence unless a broken window was repaired. West was required to provide his own tools as a condition of employment. He testified he retained the key to his tool box but that he was required to leave his tools on the premises, which the employer denied.

Plaintiff along with each of the other mechanics possessed individual keys to the establishment itself which was to enable each to enter the premises to do night work on automobiles for the employer as well as on personal vehicles.

Defendant employer moved for a directed verdict which was

overruled as the trial court regarded the question as to existence of a bailment and the type thereof to be for determination by the jury. A verdict for plaintiff brought a motion for new trial. This appeal by defendant is from the order denying the new trial motion as amended and includes the refusal of a directed verdict among the error enumerations. *Held:*

1. The legal key to this appeal lies in the oft-quoted principle stated by Justice Joseph Rucker Lamar (later United States Supreme Court Justice[1] from 1911 to 1916) in *Atlantic C. L. R. Co. v. Baker,* 118 Ga. 809 (1) (45 SE 673): "In order to create a bailment the bailee must have an independent and exclusive possession of the property." This essential element was recognized by the plaintiff below in paragraph 5 of the complaint in his allegation "that during a period of time when defendant had independent and exclusive possession of plaintiff's tools, said tools were stolen."

Inasmuch as the employee was the sole possessor of the key to his tool box and had a key for admission to the premises the motion for a directed verdict should have been granted by reason of the absence of "independent and exclusive possession" in the defendant.

As "the decisions of the Supreme Court shall bind the Court of Appeals as precedents" (*Code Ann.* § 2-3708), the decisions we have rendered in cases involving automobiles stolen from parking lots have always differentiated the facts to show the absence of these essential possessory prerequisites of "independent and exclusive." Two examples will suffice: In *Elliott v. Levy,* 77 Ga. App. 562, 565 (49 SE2d 179) "the defendants had an independent and exclusive possession of the car and its keys" and in *AAA Parking Inc. v. Black,* 110 Ga. App. 554, 555 (139 SE2d 437) it was noted that the automobile was

---

[1]The only other Georgian to serve on the U. S. Supreme Court was Savannah's James Moore Wayne from 1835-1867.

delivered "to the employees of the defendant . . . the keys, control and exclusive possession."

In *Southeastern Fair Assn. v. Ford,* 64 Ga. App. 871, 872 (14 SE2d 139) it is said: "It is well settled that the relationship of bailor and bailee does not exist unless there is such a delivery of the property that the alleged bailee acquires an independent and temporarily *exclusive* possession thereof, and unless there is an actual change of legal as well as physical possession of the property from the bailor to the bailee, 'by virtue of which the bailee is entitled to maintain an action of trover or trespass against one who interferes with his possession, or who negligently destroys the property while in his custody.' *Atlantic Coast Line R. Co. v. Baker,* 118 Ga. 809 (45 SE 673)."

2. Inasmuch as there was no legal bailment and the motion for directed verdict for defendant should have been granted it is not necessary to deal with the other enumerations of error.

*Judgment reversed. Eberhardt, P. J., and Deen, J., concur.*
ARGUED SEPTEMBER 15, 1972—DECIDED SEPTEMBER 28, 1972.

*Conger & Conger, J. Willis Conger,* for appellant.
*Ralph C. Smith, Jr.,* for appellee.