## 61034. PENDERGRAST et al. v. EWING.

CARLEY, Judge.
On February 15, 1974, New London Enterprises, Inc. (hereinafter "New London") executed a promissory note in favor of appellant and his sister-in-law, Lelia Tenney, in the original principal amount of $321,795. The indebtedness evidenced by said note was secured by a deed to secure debt covering a certain tract of land located in Gwinnett County, Georgia. Thereafter, the property was conveyed by New London to Harvie Ewing, appellee's husband. Subsequent to the conveyance from New London to Ewing, the first security deed from New London to Pendergrast and Tenney was modified to absolve New London of all personal liability on the underlying note and to provide that Pendergrast and Tenney were to "look solely to the land as security for the note this deed is given to secure." No modification was made, however, to the standard provisions in the note and deed authorizing Pendergrast and Tenney to seek attorney's fees in the event of a default on the note. Ewing, New London's grantee, was a party to this modification agreement. Thereafter, the following transpired: Tenney transferred her interest in the note and deed to appellant Martha Pendergrast and Harvie Ewing conveyed the property to appellee. While the conveyance to appellee from her husband was made subject to the modified first security deed held by appellants, there was no recital in the warranty deed indicating appellee's express assumption of the indebtedness secured by the security deed so as to make appellee directly liable to appellants under the rule enunciated in *Somers v. Avant,* 244 Ga. 460

(261 SE2d 334) (1979).

By virtue of a default in the payment of installments due under the terms of the note secured by the deed to secure debt, appellants declared the entire unpaid indebtedness to be due and payable and transmitted to New London and its grantee, Harvie Ewing, the statutory notice of intention to seek attorney's fees. The notice to Ewing was returned stamped "unclaimed." After proper advertisement, appellants, pursuant to the power of sale contained in said deed to secure debt, sold the property at public sale on the first Tuesday in May, 1979. Although there was competitive bidding at the sale under power, appellants themselves were the successful bidders and the property was sold to appellants for approximately $53,000 *more* than the balance of principal, interest and past due taxes due on the note. However, there was no cash passing as a result of the sale and the parties agree that the difference between the bid-in price and the total arrearage of principal, interest and taxes represents a sum equal to attorney's fees to which appellants claim entitlement pursuant to the terms of the note and deed to secure debt. Appellee then brought the instant action against appellants, claiming that she was entitled to the overage because she had never received the requisite notice of appellants' intention to seek attorney's fees. Appellants defended on the ground that they were never obligated to furnish such notice to appellee. Appellee moved for, and was granted, summary judgment. Appellants bring this appeal from the order of the trial court granting appellee's motion for summary judgment.

1. Appellants assert that the trial court erred in ruling that appellee was entitled to notice of intent to seek attorney's fees. Specifically, appellants argue that the notice provisions of Code Ann. § 20-506 (c) should not be so broadly construed as to require the sending of a notice of intention to seek attorney's fees to one whose sole interest in the pending litigation is as the equitable owner of the property subject to foreclosure.

Code Ann. § 20-506 (c) states in pertinent part: "The holder of the note . . . or his attorney at law, shall, after maturity of the obligation, notify in writing the maker, indorser *or party sought to be held on said obligation* that the provisions relative to payment of attorney's fees in addition to the principal and interest shall be enforced . . ." (Emphasis supplied.) It is clear in the case at bar that appellee is neither the "maker" nor an "indorser" of the note originally executed between appellants and New London. The question thus becomes whether or not appellee is a "party sought to be held liable on the note" to whom notice of intention to seek attorney's fees should have been sent.

In findings of fact and conclusions of law accompanying its order

granting summary judgment to appellee, the trial court apparently found that New London was no longer liable in *any* capacity on the subject note at the time appellants sent notice to Harvie Ewing and New London of their intention to seek attorney's fees. The record fails to support this finding. While the modification agreement entered into by Pendergrast, Tenney and New London expressly absolved New London of *personal* liability on the note, there is no indication in the record that New London was ever released from *all* liability. The fact that liability in the event of default was limited to the land described in the security deed in no way eliminated the underlying indebtedness evidenced by the note, including attorney's fees which would be collectible from the property as a result of a sale thereof pursuant to the power of sale contained in the security deed. Cf. *McCall v. Herring,* 116 Ga. 235 (42 SE 468) (1902). Nor is there any evidence that appellee, whose deed was made "subject to" appellants' interest, or any other party ever assumed the obligation to complete the payments due under the terms of the note or was otherwise liable on the underlying obligation. *Woods v. State of Ga.,* 109 Ga. App. 225 (136 SE2d 18) (1964). Compare *Broun v. Bank of Early,* 243 Ga. 319 (253 SE2d 755) (1979). Since there is no evidence in the record establishing an assumption of this obligation by either appellee or Harvie Ewing, and since the obligation *on the note* is the "obligation" comtemplated by the notice requirement set out in Code Ann. § 20-506 (c), appellee is *not* a "person sought to be held on said obligation" and thus was not entitled to notice of appellants' intention to seek attorney fees. See *Woods v. State of Ga.,* 109 Ga. App. 225, 227, supra. Notice of intention to seek attorney's fees was given to New London, the sole "party sought to be held on said obligation." Compare *First Fed. Savings & Loan Assn. v. Norwood Rlty. Co.,* 212 Ga. 524 (93 SE2d 763) (1956). Under the modification agreement appellants agreed to "look solely to the land as security for the note this deed is given to secure" and the attorney's fees authorized by the note in the event of default were properly collected from the "proceeds" of the sale of the land. Summary judgment for appellee was, therefore, error.

2. The disposition of the enumerations of error considered in Division 1 of this opinion renders separate discussion of the remaining enumerations unnecessary.

*Judgment reversed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 24, 1981 —
REHEARING DENIED MARCH 13, 1981 —

*Stanley P. Meyerson,* for appellants.
*William G. Tanner, J. L. Edmondson,* for appellee.