### 63966. PENDERGRAST et al. v. EWING.

McMurray, Presiding Judge.

This is the continuing odyssey of *Pendergrast v. Ewing,* 158 Ga. App. 5 (279 SE2d 233). Reference is here made to that reported case for a full factual statement. We do, however, set forth the following in order to review the present order of the trial court denying summary judgment to the defendants, William J. and Martha Pendergrast, this court having granted them the right to an immediate review. The Pendergrasts were the holders of a deed to secure debt and note on real property. However, the deed to secure debt was modified to absolve the original maker, and the grantees in the security deed were to "look solely to the land as security for the note this deed [was] given to secure." But no modification was made in the transaction authorizing the holders to seek attorney fees in the event of default of the note. By virtue of a default in the payment of installments the property was foreclosed and sold under the power of sale contained in the deed to secure debt. There was competitive bidding at the sale, and the Pendergrasts were the successful bidders, having bid approximately $53,000 more than the principal balance, interest and past due taxes due on the note, the same representing an amount sought for attorney fees.

The property which was foreclosed had been originally purchased by Della Evelyn Ewing from her husband Harvie J. Ewing, Jr. and he, in turn, had purchased it from New London Enterprises, Ltd., the corporation which executed the promissory note and deed to secure debt which was being foreclosed, and which had been modified as shown above.

Having lost her property due to the foreclosure, Mrs. Ewing sued the purchasers, (the holders of the deed to secure debt) seeking the overage ($52,955.03 attorney fees) which had not been paid, contending that the property was bid in for that amount over the debt, that is, attorney fees which were not paid. She contends that since she was not liable for attorney fees it was the wrongful conversion of money rightfully belonging to her. By amendment she alleged that the defendants (the Pendergrasts) had bid in the property "not from any expectation of being paid, but solely for the purpose of enhancing the amount for which the plaintiff would become liable," and she was not even notified that the defendants intended to collect attorney fees in connection with the foreclosure power and that the defendants are equitably estopped from seeking to recover from her in the sum claimed by defendants as attorney fees.

In *Pendergrast v. Ewing,* 158 Ga. App. 5, supra, the plaintiff

(Mrs. Ewing) was granted a summary judgment in the trial court for the overage because she had never received the requisite notice of the defendants' intention to seek attorney fees. Defendants (Pendergrasts) defended on the ground that they were never obligated to furnish such notice to her. At page 7, this court reversed, holding there was no evidence in the record establishing an assumption of the obligation by either the plaintiff or her husband, the plaintiff is not a person sought to be held on such obligation, and she was not entitled to notice of the defendants' intention to seek attorney fees. Hence, summary judgment in her favor was in error.

Now, the defendants (Pendergrasts) have moved for summary judgment contending they are entitled to same based upon *Pendergrast v. Ewing,* 158 Ga. App. 5, supra, reversing the trial court granting summary judgment to the plaintiff Ewing. The plaintiff has again amended her pleadings alleging that defendants had notified the maker of the note and loan deed of their intention to foreclose not from any expectation of being paid but solely for the purpose of enhancing the amount for which plaintiff would become liable, hence, there was no attempt to notify plaintiff of their intention to claim attorney fees in connection with the foreclosure sale. The defendants' motion for summary judgment was denied, and they appeal with permission of this court. *Held:*

On the first appearance of this case in this court in *Pendergrast v. Ewing,* 158 Ga. App. 5, 7, supra, this court established that under the modification agreement the defendants agreed to look solely to the land as security for the note, "and the attorney's fees authorized by the note in the event of default were properly collected from the 'proceeds' of the sale of the land," and that the plaintiff is not a "person sought to be held on said obligation." Accordingly, there was no overage which would be due to be paid to the plaintiff by reason of the sale of her property to satisfy the lien of the deed to secure debt. The trial court erred in failing to grant summary judgment in favor of the defendants.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 9, 1982.

Thomas O. Davis, for appellants.
*William G. Tanner, Gary M. Sams,* for appellee.