64252. BUCKLEY v. COLORADO MINING COMPANY, INC.

McMURRAY, Presiding Judge.

Plaintiff is a musician. Under the terms of a contract with defendant, he provided entertainment at defendant's restaurant and bar.

Plaintiff performed four nights per week between the hours of 10:00 p.m. and 4:00 a.m. and furnished his own musical equipment which included an organ weighing over 600 pounds. Between performances most of plaintiff's equipment was left at defendant's premises. Plaintiff had taken precautions to see that his equipment "was not fooled with" when he was absent, including putting a lock on the organ.

Plaintiff had no key to defendant's premises so that when defendant's place of business was closed plaintiff was without access to his equipment. On January 3, 1981, while defendant's business was closed, a fire occurred which damaged plaintiff's equipment.

Subsequently plaintiff brought this action for damages against defendant following a disastrous fire destroying the building and his equipment, alleging negligence and the existence of a bailment between the parties as to plaintiff's equipment left on the premises.

After discovery, defendant moved for summary judgment as to Count 1 of plaintiff's complaint alleging the existence of a bailment. Plaintiff also filed a motion for summary judgment. The trial court, in hearing these motions, concluded that a bailment was not created by the parties; denied plaintiff's motion and granted defendant's motion for summary judgment as to Count 1 of plaintiff's complaint alleging bailment. Plaintiff appeals from the grant of partial summary judgment in favor of defendant and from the denial of

plaintiff's motion for summary judgment. *Held:*

"A bailment is a delivery of goods or property for the execution of a special object, beneficial either to the bailor or bailee, or both; and upon a contract, express or implied, to carry out this object and dispose of the property in conformity with the purpose of the trust." Code § 12-101. Also, the bailee must have independent and exclusive possession of the property. *Shingler Motors v. West,* 127 Ga. App. 230, 231 (1) (193 SE2d 60); *Mossie v. Pilgrim Self-Service Storage,* 150 Ga. App. 715 (2) (258 SE2d 548).

The written contract between the parties contains no provision relating to the bailment issue. Therefore, any bailment must be implied from the conduct of the parties. As this is an appeal from the grant of summary judgment predicated on a determination that there was no bailment, we must examine the record to determine whether the pleadings and evidence present any issue of material fact as to the existence of a bailment between the parties.

Each day when plaintiff completed his performance he left the premises, leaving there certain of his musical instruments and equipment. This had been occurring several times a week for approximately four months by the time of the fire. For our purposes it is immaterial whether this delivery of plaintiff's equipment be viewed as recurring at the completion of each of plaintiff's performances or as having occurred upon the original delivery of the equipment to the premises (which, incidentally, involved a two hour set-up time for the organ). At the time of the fire the property had been delivered to defendant, a delivery to which defendant may be implied to have consented due to the duration of the practice.

The purpose of the delivery might be determined from the evidence to be to facilitate plaintiff's compliance with his performance under the contract between the parties or to avoid the disruption of defendant's place of business which might result from the repeated removal and replacement of the equipment. The exact nature of the flow of benefits would determine the standard of care which the bailee would be charged with in any bailment situation. We do not reach a determination of the questions of to whom benefits flowed in any bailment, but merely note that there is evidence from which benefit to both bailor and bailee may be inferred.

There being evidence that the defendant impliedly accepted delivery for a purpose beneficial to either bailor, bailee, or both, an implied contract of bailment may be determined to exist. This conclusion may not be avoided, as defendant suggests, by an assertion that the delivery to defendant was insufficient to convey independent and exclusive possession of the musical equipment.

In *Shingler Motors v. West,* 127 Ga. App. 230, supra, an

employee's mechanic's tools were lost in a burglary of the employer's premises. The employee possessed a key to the premises in order to permit him individual access to the premises at night. This key to the premises along with the possession by the employee of the sole key to the toolbox were the basis of this court's determination that an absence of independent and exclusive possession precluded the existence of a bailment. Likewise, in *Mossie v. Pilgrim Self-Service Storage,* 150 Ga. App. 715 (2), supra, this court held that "although an article is turned over generally to be stored on premises owned by another, where the owner retains the right to remove it at will without the knowledge of the person in charge of the premises, no bailment arises." In contrast to these cases the plaintiff in the case sub judice had no key to the premises and therefore had no access or possession of his equipment left on the premises during the hours when defendant's premises were closed.

Defendant's reliance upon the decision in *Goodyear Clearwater Mills v. Wheeler,* 77 Ga. App. 570 (49 SE2d 184), at page 584 is misplaced. That case can be confusing in that Presiding Judge MacIntyre, in expressing his opposing views to the majority view, quotes the holding of the majority and then writes his opposing view as to Division 5 of that case. The language relied upon by the defendant is contained in the opposing view rather than that as expressed in the majority view as quoted at pages 576-578. In *Goodyear Clearwater Mills v. Wheeler,* supra, an employee parked and locked his car in a parking lot on his employer's property. The gate controlling ingress and egress was unlocked by the employer's gatekeeper only 30 minutes before and after the change of shift. At other times the employee's car parked in the lot was under lock and key of the gatekeeper and in the exclusive possession of the employer. A bailment was held to exist as to the employee's car which was stolen from the parking lot and in the exclusive possession of the employer.

Here we hold that the evidence could authorize a jury to find that a bailment was in effect as to plaintiff's equipment left at defendant's place of business. The trial court erred in granting summary judgment in favor of defendant as to plaintiff's Count 1 alleging that a bailment existed in regard to plaintiff's equipment damaged in the fire. The trial court properly denied plaintiff's motion for summary judgment as jury issues remain.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 10, 1982.

*J. M. Raffauf,* for appellant.

*Robert C. Semler, Diane Q. House,* for appellee.