74431. FRANCIS v. UNION BANK et al.
(357 SE2d 837)

Deen, Presiding Judge.

On May 14, 1981, the appellant, Deborah Francis, purchased a new automobile in California. She made a $2,000 cash down payment and financed the remaining indebtedness with the appellee, Union Bank, to be paid over a term of 48 monthly installments beginning June 13, 1981. It is undisputed that the appellant's payment performance was erratic, with most of the payments being late.

In December 1984 the appellant moved to Decatur, Georgia, without advising Union Bank that she was removing the vehicle from the state of California. On March 22, 1985, the appellant's vehicle was repossessed for Union Bank by the other appellee, Automotive Recovery Bureau, Inc., because of the delinquent payment of the indebtedness and the appellant's removal of the vehicle from California. The appellant subsequently commenced this action against the appellees, seeking damages for the repossession, as well as for an intentional infliction of emotional distress. The trial court granted summary judgment for the appellees, and this appeal followed. *Held:*

1. One of the terms of the consumer credit contract agreed to by the appellant was that she could not "remove the vehicle from the state for a period in excess of 30 days. . . ." The contract further

provided that should the buyer default on any term or condition of the contract, Union Bank could "without notice or demand, take immediate possession of the vehicle." There was no question but that the appellant violated this contractual term. Her only contention is that this term was unenforceable under OCGA § 11-2-302, due to unconscionability. However, we find nothing unconscionable about imposing such a term in a consumer credit contract where the subject matter property is a motor vehicle. Accordingly, Union Bank was entitled to repossess the vehicle in this case, and the trial court properly granted summary judgment for the appellees.

2. Because of the holding in Division 1, we need not address whether Union Bank's past acceptance of late payments created a factual issue of waiver of strict compliance with the timely payment terms of the contract.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 13, 1987 —
REHEARING DENIED MAY 27, 1987 — 

*Sonja L. Salo*, for appellant.
*E. Penn Nicholson III, Wendy L. Hagenau*, for appellees.