76588. KATES et al. v. BRUNSWICK MOTEL ENTERPRISES, INC.
(371 SE2d 686)

SOGNIER, Judge.

Harry B. Kates and Carolyn Kates brought suit against Brunswick Motel Enterprises, Inc. d/b/a Holiday Inn I-95, (Brunswick) to recover damages for the loss of personal property from a guest room they were occupying in a motel owned and operated by Brunswick. The trial court granted Brunswick's motion for summary judgment and denied the Kateses' motion for partial summary judgment, and the Kateses appeal.

The record reveals without dispute that appellee provided a safe for the deposit of valuable articles by guests and that notices regarding the availability of the safe, and appellee's disclaimer of liability for guests' valuables unless they were placed in the safe, were posted. Three such notices were in the guest room occupied by appellants: one placed on a table, and two framed notices on the wall between the front door and the door to a connecting room. In addition, a framed notice hung on the wall behind the registration desk, although its exact location is disputed, and the notice was printed on the registration

form signed by appellant Harry Kates.

Appellants contend the trial court erred by granting appellee's motion for summary judgment and by denying their own motion, because the record demonstrates appellee's failure to comply strictly with the notice provisions of OCGA §§ 43-21-10 through 12, which are in derogation of the common law and thus must be strictly construed. Although we agree with appellants that these statutes must be strictly construed, we find that compliance with the proper statute has been demonstrated here.

OCGA § 43-21-10 provides that "[t]he innkeeper may provide a safe or other place of deposit for valuable articles and, by posting a notice thereof, may require guests of the innkeeper to place such valuable articles therein or the innkeeper shall be relieved from responsibility for such articles." We find OCGA § 43-21-10 to be the statute which governs the instant case and do not agree with appellants' argument that appellee was required to have complied with OCGA §§ 43-21-11 and 43-21-12 in addition to OCGA § 43-21-10 in order to be relieved of liability in this instance. OCGA § 43-21-12 has been held to apply to reasonable regulations *other* than those connected with the safe, *Murchison v. Sergent*, 69 Ga. 206 (1883), in view of the language in OCGA § 43-21-10 governing the notice which must be given regarding the safe. OCGA § 43-21-11 is clearly inapplicable, because that section governs the limitation on the liability of an innkeeper for valuables which *are* deposited in the safe, and the notice required to effectuate such a limitation.

Contrary to appellants' argument, the requirement in *Murchison* that the statutes be read *in pari materia* means simply that they must be harmonized, and may not be read in a vacuum, and not that all three statutes must be read as requiring the same notice despite clearly different language regarding the notice required in each. OCGA § 43-21-11 (b) requires that a notice containing the provisions of subsection (a) of the statute be posted "in a conspicuous place in all rooms of the hotel occupied by guests." OCGA § 43-21-12 requires the innkeeper to post a copy of the Code section, "printed in distinct type, on the inside of the door of the guest's room." However, the applicable statute here, OCGA § 43-21-10, requires only that the innkeeper post a notice of the availability of the safe and the requirement that guests place valuables therein, to relieve the innkeeper of liability for the loss of such items. In the instant case, the notice was posted not only on the registration card, compare *Murchison*, supra, but also in the guest's room and behind the registration desk. We hold these notices were sufficient to comply with the "posting" requirement of OCGA § 43-21-10, thereby insulating appellee from liability for the loss of valuables not placed in the safe.

Accordingly, since no material issues of fact remained, and appel-

lee was entitled to judgment as a matter of law, the trial court did not err by granting appellee's motion for summary judgment and denying that of appellants. See generally *Francis v. Union Bank*, 183 Ga. App. 84, 85 (1) (357 SE2d 837) (1987).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JULY 15, 1988.

*Grayson P. Lane*, for appellants.
*M. Lynn Frey*, for appellee.