77448. NEWMAN v. PHYSICAL THERAPY ASSOCIATES OF ROME, INC.
(375 SE2d 253)

DEEN, Presiding Judge.

The appellant, Rhoda Newman, was injured in an automobile collision in October 1984, and consequently underwent physical therapy at the premises of the appellee, Physical Therapy Associates of Rome, Inc. At a therapy session on February 6, 1985, it was necessary to remove two pieces of jewelry from Newman's neck. Newman placed one piece on a peg on the wall in the therapy room, and the therapist

placed the other. After the session, Newman dressed but forgot to retrieve her jewelry from the wall pegs. She noticed the absence of her jewelry the next day and called the appellee, but the jewelry was gone. Subsequently, Newman commenced this action, asserting bailment as the theory of recovery. The trial court directed a verdict for the appellees, and this appeal followed. *Held*:

A "bailee must have independent and exclusive possession of the property. [Cits.]" *Buckley v. Col. Mining Co.*, 163 Ga. App. 431, 432 (294 SE2d 665) (1982). "Where, although an article is turned over generally to be stored on premises owned by another, where the owner retains the right to remove it at will without the knowledge of the person in charge of the premises, no bailment arises. [Cit.]" *Mossie v. Pilgrim Self-Svc. Storage*, 150 Ga. App. 715 (258 SE2d 548) (1979). In the instant case, as it was undisputed that Newman retained the right to remove her jewelry at any time without the knowledge of the appellee, there was no exclusive possession by the appellee and thus no bailment. The trial court properly directed a verdict for the appellee.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 18, 1988 —<br>REHEARING DENIED NOVEMBER 9, 1988.

*Roy N. Newman*, for appellant.
*Jo H. Stegall III*, for appellee.