A90A0371. GOODEN v. DAY'S INN et al.
(395 SE2d 876)

McMURRAY, Presiding Judge.

Plaintiff Marvin L. Gooden checked into a Day's Inn in Atlanta, Georgia, on March 3, 1988, paying in advance for two-day's lodging. The next day, plaintiff temporarily left his room, leaving a paper bag filled with U. S. currency. (According to plaintiff, the bag contained $9,000.) Shortly thereafter, Mary Carter, a housekeeper, went into plaintiff's room to clean it. She found the bag of money. Seeing no other personal effects, Ms. Carter assumed plaintiff had checked out. Accordingly, she turned the bag and its contents over to Vivian Clark, her immediate supervisor. In turn, Ms. Clark, gave the bag of money to Dempsey Wilson, a "senior technician" responsible for general supervision and the maintenance of the grounds.

Mr. Wilson had been employed by Day's Inn for approximately three years. During that period of time he occasionally was given items of value to turn in to the office. He always did so, until the time in question when he decided to abscond with the bag of money.

A safe was located on the premises of Day's Inn. The safe was provided for the use of guests. Day's Inn posted a notice concerning the availability of the safe on the door of the room which plaintiff occupied. Pursuant to the notice, Day's Inn disclaimed liability for

guests' valuables unless they were placed in the safe. At no point did plaintiff seek the use of Day's Inn's safe.

On May 3, 1988, plaintiff brought this tort action against Day's Inn, Mary Carter, Vivian Clark and Dempsey Wilson, seeking damages in the amount of $9,000, plus interest, punitive damages, attorney fees and costs. Defendants Day's Inn, Mary Carter and Vivian Clark answered the complaint and denied any liability whatsoever to plaintiff. Apparently, Dempsey Wilson was never served. Thereafter, following discovery, defendants Day's Inn, Mary Carter and Vivian Clark moved for summary judgment. Plaintiff also moved for summary judgment.

The trial court denied plaintiff's motion for summary judgment and granted defendants' motion for summary judgment. Plaintiff appeals. *Held*:

1. In pertinent part, OCGA § 43-21-10 provides: "The innkeeper may provide a safe or other place of deposit for valuable articles and, by posting a notice thereof, may require guests of the innkeeper to place such valuable articles therein or the innkeeper shall be relieved from responsibility for such articles." Relying upon this Code section, defendant Day's Inn contends it cannot be held liable for the loss of plaintiff's money since it posted notice concerning the availability of the safe and plaintiff failed to take advantage of it. *Jones v. Savannah Hotel Co.*, 141 Ga. 530 (81 SE 874); *Kates v. Brunswick Motel Enterprises*, 187 Ga. App. 875 (371 SE2d 686). Recognizing the general application of this Code section in cases of this kind, plaintiff nonetheless asserts the trial court erred in ruling upon the parties' respective summary judgment motions because plaintiff's loss occurred at the hands of employees of the Day's Inn. In this regard, plaintiff asserts OCGA § 43-21-10 cannot insulate an innkeeper from liability where the loss of a guest's valuables is occasioned by the negligent or tortious conduct of the innkeeper's employees. We disagree.

OCGA § 43-21-10 carves out no exception for losses occasioned by the negligence of the innkeeper. Thus, if the innkeeper posts notice of the availability of a safe pursuant to the statute, it is not liable for articles stolen from a guest's room even if its negligence contributed to the loss. *Jones v. Savannah Hotel Co.*, 141 Ga. 530, supra. Likewise, OCGA § 43-21-10 carves out no exception for losses occasioned by the negligence or intentional torts of the innkeeper's employees. Thus, if the innkeeper posts notice in accordance with the statute, it is not liable for articles stolen from a guest's room even if its own employees were negligent in preventing the theft or were actually parties to the theft. *Goodwin v. Georgian Hotel Co.*, 197 Wash. 173 (84 P2d 681, 119 ALR 788) (1938). As the New York Court of Appeals noted in construing a similar innkeeper's statute: "During the many years that a statute has been in existence in this state limit-

ing the liability of a hotel to a guest, no case has been decided by this court indicating that such limited liability did not exist in case the property of a guest deposited for safe-keeping was stolen from a hotel by an employee thereof. Such a holding by this court would nullify the purpose of the statute and be in conflict with the spirit and intent thereof." *Millhiser v. Beau Site Co.*, 251 N. Y. 290 (167 NE 447, 448) (1929).

2. Plaintiff contends that, notwithstanding the protection afforded to innkeepers under OCGA § 43-21-10, defendants Day's Inn, Carter and Clark are liable under an implied "bailment" theory since they actually took possession of plaintiff's bag of money for safekeeping. See generally *Buckley v. Colorado Mining Co.*, 163 Ga. App. 431 (294 SE2d 665). Assuming, arguendo, the validity of plaintiff's contention, we must conclude, nonetheless, that the trial court properly denied plaintiff's motion for summary judgment and properly granted defendants' motion for summary judgment.

"All bailees are required to exercise care and diligence to protect the thing bailed and to keep it safe. Different degrees of diligence are required according to the nature of the bailments." OCGA § 44-12-43. If the bailment is for the exclusive benefit of the bailor, only slight diligence is required; if the bailment is for the mutual benefit of the parties, ordinary diligence is required; and if the bailment is for the exclusive benefit of the bailee, extraordinary diligence is required. *Merchants Nat. Bank of Savannah v. Guilmartin*, 88 Ga. 797, 799 (15 SE 831).

"A bailee is discharged from liability when he shows the exercise of that degree of diligence required by law of his class of bailment. *Gillham v. Federal Exp. Money Order, Inc.*, 112 Ga. App. 171 (2b) (144 SE2d 557) (1965). The degree of negligence required to impose liability upon a bailee is generally a question of law to be determined by the court. 3 EGL 82, Bailments § 19 (1975 rev.)." *Atlanta Limousine Airport Svcs. v. Rinker*, 160 Ga. App. 494, 495 (1) (287 SE2d 395).

We assume, without deciding, that any bailment in this case was for the mutual benefit of the parties and that the degree of diligence required of defendants was ordinary diligence. Even so, we find defendants Day's Inn, Carter and Clark to be discharged from liability. Why? Because these defendants demonstrated they acted with ordinary care and diligence concerning the bag of money. After all, Ms. Carter simply turned the bag of money over to her immediate supervisor, Ms. Clark, who, in turn, gave the bag of money to the "senior technician," Dempsey Wilson, a person with general supervisory powers. Mr. Wilson had been entrusted with guests' valuables in the past and he always acted responsibly with regard to those valuables. Defendants had no way of knowing that Mr. Wilson would abscond with

plaintiff's bag of money and they cannot be said to have acted negligently in turning the money over to him. See *Merchants Nat. Bank of Savannah v. Guilmartin*, 88 Ga. 797, supra.

3. Finally, plaintiff argues that defendant Day's Inn is liable for the theft of the bag of money by virtue of respondeat superior. This argument is without merit. When he converted the money to his own use, Dempsey Wilson represented himself, not defendant Day's Inn. Mr. Wilson was not acting for and on behalf of defendant Day's Inn; nor was he acting within the scope of his employment. *Merchants Nat. Bank of Savannah v. Guilmartin*, 88 Ga. 797, supra. See also *Taylor v. Downey*, 62 NW 716 (Mich. 1895).

4. The trial court did not err in granting defendants' (Day's Inn's, Mary Carter's and Vivian Clark's) motion for summary judgment and in denying plaintiff's motion for summary judgment.

*Judgment affirmed. Carley, C. J., and Sognier, J., concur in the judgment only.*

DECIDED JUNE 26, 1990 —
REHEARING DENIED JULY 12, 1990 — CERT. APPLIED FOR.

*Herbert Shafer*, for appellant.
*Freeman & Hawkins, Edward M. Newsom*, for appellees.