A92A1648. GRACE v. GOLDEN et al.
(425 SE2d 363)

SOGNIER, Chief Judge.

Betty L. Grace, as trustee of a family trust, brought an action against Randall Golden and Brenda Golden on a note executed by the Goldens. The trial court entered summary judgment in favor of the Goldens, and Grace appeals.

The record reveals that in 1989, appellees entered into a transaction to purchase real estate in Fayette County owned by appellant and her husband. The sellers lived in California and did not attend the closing, which was attended on their behalf by their attorney in fact, Keith Carey. The note in issue was given as a portion of the purchase money, and a deed to secure debt was executed contemporaneously with the note. Mr. Grace subsequently died, and his interest in the note passed to his widow, who then transferred it to the Betty L. Grace Family Trust, of which appellant is trustee. Upon appellees' default in the payments required under the terms of the note, appellant instituted this action.

As their sole defense, appellees relied on a provision in the exhibit attached to and incorporated into the deed to secure debt in which the parties had "expressly agreed that the Grantor's liability hereunder shall be limited to the lien, power of sale, or right of foreclosure granted under the provisions of this Deed to Secure Debt, and

upon default by Grantor, the Grantee hereto shall look solely to the security of the land conveyed by this Deed to Secure Debt and shall not be entitled to enter suit or obtain a judgment in any court with respect to any unpaid balance of the debt after exercising the power of sale or right of foreclosure granted hereunder, or provided by statute." It is undisputed that appellant has not exercised the power of sale in the deed to secure debt.

1. In two enumerations, appellant contends the trial court erred by granting summary judgment to appellees and denying her cross-motion for summary judgment because the provision relied upon by appellees is unenforceable, and Georgia law permits a creditor holding a note secured by a security deed to elect to proceed solely under the note without first proceeding against the property. We agree with appellant that under Georgia law, unless otherwise provided by agreement, upon default by a debtor a creditor need not look first to the property securing a note. *Brown v. Ga. State Bank*, 141 Ga. App. 570, 571 (234 SE2d 151) (1977). However, that principle may be altered by agreement. See OCGA § 11-3-119; see generally *Piedmont Arbors &c. v. BPI Constr. Co.*, 197 Ga. App. 141-142 (397 SE2d 611) (1990); *Pendergrast v. Ewing*, 158 Ga. App. 5, 6-7 (1) (279 SE2d 233) (1981). We turn, therefore, to the enforceability of the agreed upon provision in this case.

(a) Citing *Finlay v. Oxford Constr. Co.*, 139 Ga. App. 801, 802 (1) (230 SE2d 69) (1976), appellant first asserts that the note creates an unconditional personal obligation on the part of appellees to pay the amount due under it, and consequently the provision in issue is unenforceable because it conflicts with this unconditional obligation. We do not agree. The principle set forth in *Finlay* refers explicitly to a conflict "in respect to the terms of the debt or interest, or the time for its payment" (citations and punctuation omitted), id., terms that are not in issue here. Moreover, here, as in *Finlay*, we perceive no conflict between the note and the provision at issue. The obligation created by the note still exists. "The fact that liability in the event of default was limited to the land described in the security deed in no way eliminated the underlying indebtedness evidenced by the note." *Pendergrast*, supra at 7. The provision in the security deed merely limited appellant's options as to enforcement and recovery.

(b) Appellant also maintains the provision in question is unenforceable because it fails to meet the requirement in Georgia law that all exculpatory clauses be explicit, prominent, and unambiguous. *Hall v. Skate Escape, Ltd.*, 171 Ga. App. 178, 180 (319 SE2d 67) (1984). Given that the deed to secure debt, including the attached exhibit, is only two pages long and the typeface used is larger and bolder than that in the preprinted portions of the deed, we do not agree with appellant that placement of the exculpatory provision after the legal

description and use of the same typeface as that employed for the legal description was an attempt by appellees, as drafters of the documents, to "camouflage" the provision and prevent it from being detected at closing. Indeed, the existence of the signature of appellant's attorney in fact immediately under and adjacent to the provision, when such signature was legally unnecessary on the document, belies such an inference. We note that as appellant has alleged neither fraud on the part of appellees nor an inability to read on the part of Carey, her attorney in fact, under the circumstances present here Carey was not only free to examine the deed before signing it, he was under a duty to do so. *Marett Properties v. Prudential Ins. Co.*, 167 Ga. App. 631, 633 (307 SE2d 69) (1983).

2. We do not agree with appellant's contention that the provision in question is ambiguous. Appellant argues that since the exculpatory provision is contained in the deed to secure debt and refers to appellees' "liability hereunder," it applies only to a default in appellees' obligations under that document. However, the security deed refers to the note, and the note is explicitly made a part of the security deed "as if incorporated herein." We likewise do not agree with appellant that the exculpatory provision applies only should she elect to exercise the power of sale. The plain meaning of the provision clearly and unambiguously requires appellant to "look solely to the security of the land conveyed" by the deed in the event of default by appellees.

Because the facts were undisputed, and an enforceable provision in the security deed operates to exculpate appellees from personal liability, in this suit on the note appellees raised a defense entitling them to judgment. Accordingly, the trial court did not err by denying appellant's motion for summary judgment and entering summary judgment in favor of appellees. See generally *Francis v. Union Bank*, 183 Ga. App. 84-85 (1) (357 SE2d 837) (1987).

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 9, 1992 —
RECONSIDERATION DENIED NOVEMBER 23, 1992

*Alderman, Green & Hamby, Brady D. Green,* for appellant.
*Rosenzweig, Kam, Jones & MacNabb, Joseph P. MacNabb,* for appellees.