A98A1371. CHAPPARONE et al. v. FIRST FLORENCE CORPORATION.
(504 SE2d 761)

Pope, Presiding Judge.

Plaintiffs, Anthony and Roseann Chapparone, filed suit against defendant First Florence Corporation d/b/a Best Western Motel to recover damages for more than $20,000 worth of jewelry that was stolen from their room while they were guests of the motel. Best Western answered and then filed a motion for summary judgment, which the superior court granted, and this appeal followed.

According to the complaint, the plaintiffs checked into the motel, and after unloading their vehicle, they put their belongings in their room. The jewelry at issue was inside an attache case which was locked with tumbler type locks. Two hours later, plaintiffs spent an hour away from their room. They returned to their room and the next morning left the motel. Later that day they discovered that the jewelry was missing and contacted the motel, claiming that the jewelry was stolen during their stay.

Here, plaintiffs argue that the court erred in granting summary judgment because the motel had prior and superior knowledge that thefts had occurred both at that motel and at other motels in the area. In support of this argument, plaintiffs cite the deposition testimony of the motel manager that numerous incidents had occurred in the area motels and that there had been three thefts in the preceding year at that Best Western motel. Plaintiffs claim that because of these similar losses, the motel had a duty to warn them of the risk of theft. In particular, they cite a letter from the American Automobile Association to the manager of the Best Western, stating: "[p]olice told our AAA members [plaintiffs] of a previous robbery at this hotel about 45 days earlier. Police said they warned hotel management of a lax [sic] in security at that time."

Contrary to plaintiffs' arguments, the grant of summary judgment was proper. The evidence was undisputed that upon checking into the motel, plaintiffs filled out a registration card which stated that the hotel was "not responsible for valuables not deposited in the safe." The evidence also established that the motel provided lockers as a depository for the guest's valuable articles. The lockers were located at the front desk and were equipped with locking devices.

It is also undisputed that posted on the bathroom door of the plaintiffs' motel room was a notice which stated: "RULES AND REG-

ULATIONS . . . all moneys, jewelry, coats, valises, and other valuables must be left at the office and checks received therefor; otherwise the proprietor will not be responsible for any losses." The notice further stated: "GUESTS ARE REQUIRED to deposit money, jewels and other valuables at the main desk for safekeeping, otherwise the hotel/motel will not be responsible for any loss in accepting valuables for safekeeping. Liability for any loss is limited to that provided for under the laws of the State of Georgia." The notice then set forth the full text of OCGA §§ 43-21-10 through 43-21-14.

OCGA § 43-21-10 provides in pertinent part: "[t]he innkeeper may provide a safe or other place of deposit for valuable articles and, by posting a notice thereof, may require guests of the innkeeper to place such valuable articles therein or the innkeeper shall be relieved from responsibility for such articles." In the instant case, it is undisputed that the Best Western provided the requisite place of deposit for valuable articles for use by guests. Furthermore, it is undisputed that the notice notifying the guests of these depositories was posted in the room as required by OCGA § 43-21-10.

This Court has held on numerous occasions that adherence to the requirements of OCGA § 43-21-10 insulates an innkeeper from liability arising from property losses for guest's stolen valuables. *Kates v. Brunswick Motel Enterprises*, 187 Ga. App. 875 (371 SE2d 686) (1988). Moreover, pretermitting issues regarding admissibility, Best Western's insulation from liability in this case is not altered by the existence of the letter from the AAA. See *Gooden v. Day's Inn*, 196 Ga. App. 324, 325 (1) (395 SE2d 876) (1990). The trial court correctly granted the motion for summary judgment.

*Judgment affirmed. Beasley and Ruffin, JJ., concur.*

DECIDED JULY 22, 1998.

*Clarence L. Martin, Constance L. Thomas*, for appellants.
*Kent, Worsham & Smart, A. Martin Kent*, for appellee.